HARVEY L. THOMPSON, executor, *vs.* AUGUSTA THORNTON.

Middlesex.   December 2, 1907. — February 25, 1908.

Present : KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Devise and Legacy.   Words,* "Relatives," "In equal shares."

Where a fund is left by will to trustees to be used and expended for the comfortable support and maintenance of the testator's son during his life, and after his death to pay the residue, "if any thereof shall be left," to certain persons, and the testator's son dies before him, this does not cause the legacy in remainder to lapse, on the ground that the contingency on which it was to take effect

never can happen, but on the contrary it becomes operative at once upon the death of the testator, and the estate which passes is not affected by the fact, that had the son lived the trust by its terms could have been so administered as to leave no remainder.

A testator left a fund to trustees for the comfortable support and maintenance of his son during his life, " and at his decease to pay and distribute, after paying their expenses of said trusteeship, the residue of my estate, if any thereof shall be left, in equal shares to my relatives, by right of representation under the statutes of this Commonwealth." *Held,* that the word "relatives" had its ordinary meaning in a will, designating those persons who would take under the statute of distributions, that its meaning was not changed by the words "in equal shares," which in connection with the words "by right of representation" meant equal shares as given by the statute referred to, and that, under the rule relating to persons who are given by will the same estate which they would take in case of intestacy, the persons designated as relatives took the fund as next of kin of the testator by virtue of the statute.

BILL IN EQUITY, filed in the Probate Court for the county of Middlesex on December 6, 1906, by the executor of the will of Isaac H. Burditt, for instructions.

In the Probate Court the case was submitted to *McIntire,* J., upon an agreed statement of facts. He made a decree ordering that the funds in the hands of the executor, amounting to $8,378.91, be distributed among certain persons named in the proportions there stated, as being the relatives of the deceased by right of representation under the statutes of this Commonwealth. Augusta Thornton, one of the respondents, appealed, stating, as her objection to the decree, that she was a niece of the testator and a legatee under his will, and that the distribution made by the decree gave her only one fourteenth part of the fund whereas she claimed one third of it. The distributees were twelve nephews and nieces of the testator and the issue of two other deceased nieces, all being the issue of two deceased sisters and a deceased brother of the testator. The appellant was the only child of one of the deceased sisters.

The appeal came on to be heard before *Morton,* J., who, at the request of the parties, reserved and reported the case upon the petition, the reasons of appeal, the decree of the Probate Court and the agreed statement of facts for determination by the full court, such order to be made as justice might require.

The case was submitted on briefs.

*F. E. Austin,* for the respondent.

*H. L. Boutwell & W. H. Hastings,* for the petitioner.

RUGG, J. The question to be determined is the distribution of the residuary estate of Isaac H. Burditt, who died in April, 1903, at the age of seventy-nine years. The next of kin are twelve nephews and nieces and seven grandnephews and nieces, the issue of the two deceased nieces, all being the descendants of one brother and two sisters of the testator. His son, Isaac F., mentioned in the will and living at the time it was executed, predeceased the testator. The prefatory clause of the will shows a plain intent to dispose of all his property. The only other clause now material is as follows: " All the rest and residue of my estate real, personal or mixed I bequeath to Charles Emerson Stevens of Marlborough in our County of Middlesex and William B. Batchelder of Boston in our County of Suffolk, both in our Commonwealth of Massachusetts, but in trust to be used and expended by said Trustees for the comfortable support and maintenance (and including funeral expenses) according to their best judgment of my infirm son Isaac Frederick Burditt of said Malden during his life, and at his decease to pay and distribute, after paying their expenses of said Trusteeship, the residue of my estate, if any thereof shall be left, in equal shares to my relatives, by right of representation under the Statutes of this Commonwealth."

The first point argued is that this bequest to relatives is contingent upon the happening of the death of Isaac Frederick Burditt and a balance of the trust fund remaining in the hands of the trustee after his death, and that, as Isaac Frederick died during the life of the testator, this contingency can never happen, and the legacy has lapsed. *McGreevy* v. *McGrath*, 152 Mass. 24, decided that when a testamentary provision is so framed as to take effect only upon the happening of a certain event, and it is clear that the designated event can never happen, then the provision cannot be executed. Where one makes a will conditioned to be operative only in the event of the testator's decease during a particular journey, and he has a safe return home, there is then no will. But that principle has no application to the facts here presented. This is the ordinary case of a devise over after the termination of an interest for life. The death of the life tenant before the testator simply accelerates the time when the devise over becomes operative. *Prescott* v. *Prescott*, 7 Met. 141. *Bates*

v. *Dewson*, 128 Mass. 334. The fact that under the terms of the trust, the estate might be so administered that there would be no remainder makes no difference with the rules of law which govern the interpretation of the will.

The next doubt suggested is as to the meaning of the testator in employing the words, " in equal shares to my relatives, by right of representation under the statutes of this Commonwealth." Although "relatives," as popularly used, is a word of general and comprehensive signification, it has acquired a definite and restricted sense when occurring in wills, and unless a contrary intention appears, it is construed as the equivalent of those persons who would take under the statute of distributions either as next of kin or by representation of next of kin. *Esty* v. *Clark*, 101 Mass. 36. Gardner on Wills, 431. The remaining difficulty of interpretation arises from the words "in equal shares," for without these, the intent would be clear that there should be distribution under the general law. This intention is expressed with emphasis by reference to the statutes of the Commonwealth, to which the testator appeals as the final standard for the distribution of his bounty, and the words, "by right of representation," which is a phrase of the statute of distribution, give added force to this expression. The words "in equal shares" do not manifest a purpose to modify what has been before clearly and aptly expressed, and can be given effect by interpreting them as meaning with such equal regard to the rights of all his heirs at law as the law itself recognizes in the statute of distributions. The cases upon the use of these words are fully reviewed in *Allen* v. *Boardman*, 193 Mass. 284. The intention of the testator was to have his estate distributed, in the event which has occurred, according to the law for the distribution of intestate estates.

Where, however, an heir at law under a will takes the same estate in nature and quality as he would inherit in case of intestacy, he takes the estate by descent and not as devisee. *Ellis* v. *Page*, 7 Cush. 161. *Pierce* v. *Smith*, 13 Allen, 42. It does not distinctly appear from the decree of the Probate Court that the distribution is made according to the terms of the will and not under the statute of distribution, and therefore no modification of it is necessary. The executor can be authorized to dis-

tribute an estate as intestate. As there are twelve kindred of equal degree, and issue of two other kindred of the same degree, who have deceased, the estate should be divided into fourteen equal parts, the grandnieces and grandnephews to take by right of representation the share of their deceased mothers. R. L. c. 140, § 3, cl. 2; c. 133, § 1, cl. 5. *Balch* v. *Stone,* 149 Mass. 39.

*Decree of Probate Court affirmed.*