## CONNER v. LOWEY.

(Court of Civil Appeals of Texas. Austin. June 12, 1912.)

JUSTICES OF THE PEACE (§ 155*)—APPEAL—TIME FOR FILING APPEAL BOND.

Under Rev. St. 1895, art. 1670, providing that the party appealing from a justice's court shall, within 10 days after judgment, file with the justice a bond, the 10-day period runs from the date of the overruling of a motion for new trial, and not from the date of the entry of the judgment.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 524–533; Dec. Dig. § 155.*]

Appeal from Falls County Court; W. E. Hunnicutt, Judge.

Action by J. M. Lowey against J. E. Conner. From a judgment of a justice for plaintiff, defendant appealed to the circuit court, and from a dismissal there brings this appeal. Reversed and remanded.

Bounds & Collier, of Marlin, for appellant. Tom Connally, of Marlin, and Stephen L. Pinckney, for appellee.

RICE, J. Appellee brought this suit in the justice's court against appellant on open account to recover the sum of $186.10 claimed to be due him by appellant for services rendered as a carpenter. There was a trial in the justice's court wherein appellee recovered the sum of $75, from which appellant prosecuted an appeal to the county court, where the case was dismissed on the ground, as shown by the record, that the appeal bond was not filed in the justice's court within the time required by law, from which judgment of dismissal this appeal is prosecuted, and which action of the court is assigned as error.

It appears from the justice's transcript that judgment was rendered in that court on the 5th of September; a motion for new trial was made on the 6th of September, and was overruled on the 15th of said month. The appeal bond was filed and approved on the 18th of September. The question for determination, therefore, is whether or not an appeal bond, filed more than 10 days after the rendition of the original judgment, but within 10 days from the date of the order overruling the motion for new trial, will be sufficient to confer jurisdiction upon the county court. This question has been frequently passed upon by our appellate courts. The earlier holdings are to the effect that the bond must be filed within 10 days from the date of the original judgment. The later cases, however, are uniform to the effect that, if the bond was filed within 10 days after the order overruling the motion for new trial, it will be sufficient. See Gottlich v. Gregory & Walden, 132 S. W. 843, which refers to and reviews both lines of cases, arriving at the conclusion last stated. It

is true that in article 1670, R. S., it is provided that the appeal bond must be filed within 10 days from the date of the judgment, but we think that the later decisions have properly construed this article to mean that the party appealing from the justice's court judgment shall have 10 days, not from the entry of the original judgment, but 10 days from the date of the order overruling the motion for new trial. Other provisions of the statute governing the proceedings in justice courts seem not only to authorize, but to require, this interpretation. Article 1652 provides that the justice, at any time within 10 days after the rendition of judgment, may grant a new trial. It also provides that motion for a new trial shall be filed at any time within five days after the rendition of the judgment. But this article has been held directory merely, and authorizes the filing of motions for new trial at any time within 10 days after rendition of judgment.

Now, if the party has the absolute right to move for a new trial at any time within 10 days, and the court may grant the same within said period, it seems it would be anomalous to hold that, notwithstanding the law gave him this right, yet he must file an appeal bond on the very day that his motion for new trial is overruled, or else lose his right of appeal, when the statute expressly authorizes an appeal, provided bond be filed within 10 days after judgment. This provision, therefore, we think contemplated that the party would have the right to perfect his appeal by filing bond within 10 days after the judgment overruling motion for new trial. At any rate, the doctrine announced by the later cases seems to be supported both by reason and authority, for which reason we think it should be adhered to.

Because the court below erred in dismissing the appeal, its judgment is reversed, and the cause remanded for trial on its merits.

Reversed and remanded.