## IN RE SEARLES.

### (No. 3,222.)

#### (Submitted October 23, 1912.   Decided November 11, 1912.)

#### [127 Pac. 902.]

*Intoxicating  Liquors—Licenses—Refusal—Appeal—Statutes.*

Appeal and Error—Judgment Correct in Result—Affirmance.
  1.    Where the district court, instead of dismissing an appeal from an
  order of a board of county commissioners for lack of jurisdiction,
  decided the cause on its merits but gave judgment correct in result,
  it will be affirmed on appeal.

Intoxicating Liquors—Refusal of License—Appeal.
  2.    Under section 3 of Chapter 92, Laws of 1911, an appeal to the
  district court does not lie from the order of a board of county com-
  missioners refusing a retail liquor license, where not any protest to its
  issuance has been filed; under such circumstances, the action of the
  board, whether it grants or refuses the application, is final.

Appeal—Statutory Remedy.
  3.    The rule that an appeal lies only when the statute has author-
  ized it is particularly applicable to appeals from determinations of
  bodies, such as boards of county commissioners and the like.

Intoxicating Liquors—License—Absence of Protest—Duty of Board of
  County Commissioners.
  4.    *Quaere:* Where no protest is made against the issuance of a retail
  liquor license, must the board of county commissioners, under the pro-
  visions of Chapter 92, Laws of 1911, issue it, or may it in its discre-
  tion refuse it?

  MR. JUSTICE HOLLOWAY concurring specially.

*Appeal from District Court, Ravalli County; R. Lee McCul-
loch, Judge.*

PETITION by Charles Searles for a retail liquor dealer's license
at Florence, Ravalli county.   From a judgment affirming the
action of the board of county commissioners in denying such
license, the petitioner appeals.   Affirmed.

Cause submitted on briefs of counsel.

*Mr. H. H. Parsons,* for Appellant.

*Mr. H. C. Packer,* for Respondent.

Citing: *Perry* v. *City Council of Salt Lake City,* 7 Utah, 143,
11 L. R. A. 446, 25 Pac. 739, 998; *Crowley* v. *Christensen,* 137 U.

S. 86, 34 L. Ed. 620, 11 Sup. Ct. Rep. 13; *Batters* v. *Dunning*, 49 Conn. 479; *Ex parte Persons*, 1 Hill (N. Y.), 655; *In re Petition of Conway* (Pa.), 1 Atl. 727; *Toole's Appeal*, 90 Pa. 376; *Ex parte Whittington*, 34 Ark. 394; *State* v. *Board of County Commrs.*, 45 Ind. 501; *State* v. *Cass County Commrs.*, 12 Neb. 54, 10 N. W. 571.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On February 26, 1912, Charles Searles, the appellant, presented to the board of county commissioners of Ravalli county a petition signed by fifty freeholders residing at Florence, an unincorporated town in that county, requesting that the board grant an order to the treasurer of the county to issue to Searles a license to sell intoxicating liquors at retail at Florence. The clerk gave notice of the application in conformity with the requirements of the statute. (Laws 1911, p. 160, Chap. 92, sec. 3.) No protest was filed by anyone against the issuance of the license. The board nevertheless denied the application and refused to order the treasurer to issue the license. Searles then tendered to the treasurer the license fee fixed by the statute and demanded the license, but the demand was refused by this officer, for the reason that he had not been authorized by the board to issue the license. Thereupon Searles appealed to the district court of Ravalli county from the order of the board. A hearing had in that court on June 14, 1912, upon an agreed statement of facts embodying substantially the foregoing recital, resulted in a judgment affirming the action of the board and awarding it costs. The matter is before this court on appeal from the judgment.

No reference is made in the brief of counsel on either side to the question whether an appeal lies to the district court from an order made by a board of county commissioners under the circumstances disclosed by the record. Of course, if the statute does not authorize the appeal, the judgment of the district [1] court must be affirmed, for though that court assumed to determine the controversy upon the merits, if the statute does not provide for an appeal, the court did not acquire jurisdiction of

the subject matter of the controversy and could not determine the merits. Hence, upon the assumption that an appeal is not provided for, the judgment is correct in result, though the court decided upon the merits instead of dismissing the appeal.

The statute does not authorize such an appeal. The only provision on the subject is found in section 3, and is the following: "Before the board of county commissioners may act on any such petition, five days' notice of such application shall be given by the county clerk and recorder by posting notices in at least three public places in the village, camp, or township within which the applicant wishes to locate, and if a protest is filed against the issuance of such license by at least twenty freeholders residing within the particular village, camp, or township, the county commissioners shall appoint a day for the hearing of said application for license and determine whether or not said license shall issue. From the decision of the board of county commissioners, the applicant for license, or the protestants against the issuance thereof, may appeal to the district court of said county within thirty days after the decision of the board of county commissioners." This provision contemplates a hearing only when a protest is presented as therein provided, and authorizes an appeal from the decision upon the merits of the protest. It does not provide for a hearing in the absence of protest. If none is filed, no method is provided for a review of the action of the board, whether it grants or refuses the application. This becomes entirely clear when it is noted that the right of appeal is given in terms to the applicant or the protestants, as the case may be, from the decision, that is, the decision on the hearing of the protest.

No proposition is more firmly settled than that an appeal lies only when the statute authorizes it. (*Estate of Tuohy,* 23 Mont. 305, 58 Pac. 722; *State ex rel. Jackson* v. *Kennie,* 24 Mont. 45, 60 Pac. 589; Hayne on New Trial and Appeal, sec. 181.) This is particularly true of appeals from determinations of bodies, such as boards of county commissioners, boards of medical examiners, and the like. These bodies not being courts in a technical sense, it is exclusively within the power of the

legislature to provide for a judicial review of their proceedings by appeal or any other method which it may deem suitable. (11 Cyc. 405.) If the appeal is not specifically provided for, review by it cannot be had.

Since the district court did not acquire jurisdiction to determine the controversy on the merits, this court has no jurisdiction to do so. We shall therefore not essay a discussion and [4] determination of the question submitted by counsel for decision, *viz.*, whether, when no protest or remonstrance is made against the issuance of a retail liquor dealer's license, it is the duty of the board under the statute to issue it, or whether it may in its discretion refuse it.

The judgment is affirmed.

*Affirmed.*

HON. J. B. LESLIE, Judge of the Eighth Judicial District, sitting in place of MR. JUSTICE SMITH, absent, concurs.

MR. JUSTICE HOLLOWAY: I concur in the result reached and in all that is said if the language of the statute is given the meaning which I think was intended by the legislature. In my opinion the statute contemplates a formal trial before the board, but only in case a protest is presented, and it is only from a decision upon such trial that an appeal lies to the district court. This language in the majority opinion: "This provision contemplates a hearing only when a protest is presented as therein provided, and authorizes an appeal from the decision upon the merits of the protest. It does not provide for a hearing in the absence of protest"—is, however, susceptible of a different construction, and if it is intended to convey the idea that, in the absence of a protest the board cannot make any investigation but must order the license issued as of course, then I most emphatically dissent from such view.