CITY OF MILES CITY, APPELLANT, *v.* DRUM, RESPONDENT.

(No. 4,399.)

(Submitted June 6, 1921. Decided June 27, 1921.)

[199 Pac. 719.]

*Cities and Towns—Police Courts—Ordinances—Criminal Prosecutions—Right of Appeal.*

Appeal Lies Only When Granted by Statute.
　1. An appeal lies only when authorized by statute.
Cities and Towns—Police Courts—Criminal Prosecutions Under Ordinances—Appeal.
　2. Defendant, charged with wrongfully obstructing an alley, was proceeded against under the statute governing criminal procedure in police courts (Rev. Codes, secs. 9584–9629), convicted and appealed to the district court, where the complaint was dismissed. *Held*, on appeal by the city that, the statute not granting the right of appeal to cities in criminal causes tried in justice or police courts, the appeal did not lie.

*Appeal from District Court, Custer County; Daniel L. O'Hern, Judge.*

· J. G. DRUM was convicted in the police court of violating an ordinance of Miles City, and appealed to the district court, where the complaint was dismissed. The city appeals. Dismissed.

Cause submitted on briefs of Counsel.

*Mr. S. D. McKinnon,* for Appellant.

*Mr. P. F. Leonard,* for Respondent.

MR. COMMISSIONER SPENCER prepared the opinion for the court.

By a complaint filed in the police court of the city of Miles City, Montana, the defendant was charged with "unlawfully, wrongfully, willfully, and unnecessarily" obstructing a certain alley in Miles City, in violation of the provisions of a certain ordinance "concerning nuisances." Defendant was arrested upon a warrant issued upon said complaint, tried and convicted in the police court, and a fine imposed. Defendant appealed to the district court of Custer county. At the trial in the district court, plaintiff, city of Miles City, offered in evidence the ordinance "concerning nuisances" above referred to, which was excluded by the court upon the ground that the same was invalid, whereupon, the plaintiff declining to proceed further with the trial, upon motion of defendant, the court dismissed the complaint, and ordered the defendant discharged. Judgment was made and entered accordingly. The plaintiff city of Miles City has attempted to appeal from the judgment. Defendant has made motion to dismiss the appeal for lack of jurisdiction in this court.

The proceedings in civil actions, in police courts, are governed by the provisions of sections 7092 to 7095, Revised Codes. (Sec. 3302, Rev. Codes.) In criminal actions the provisions of sections 9584 to 9629, Revised Codes, are controlling. (Sec. 3301, Rev. Codes.) In this case appellant made no effort, nor did it pretend, to proceed under the stat-

ute, as in a civil action, and hence neither the police court nor the district court acquired jurisdiction for the trial of the action as provided for in sections 7092 to 7095, Revised Codes, *supra*. On the contrary, defendant was proceeded against as in a criminal action, and under the provisions of the statute governing criminal trials set forth above. The defendant prevailed, and the statute grants no right of appeal to the city, plaintiff below. An appeal lies only when authorized by statute. (*In re Searles*, 46 Mont. 322, 127 Pac. 902.) In view of the foregoing the city of Miles City, plaintiff below, was without right of appeal, and we therefore recommend that the appeal herein be dismissed for want of jurisdiction.

Per Curiam: For. the reasons given in the foregoing opinion, the appeal is dismissed for want of jurisdiction.

*Dismissed.*