DAVIS, Respondent, *v.* BELL BOY GOLD MINING CO., Appellant.

(No. 7,481.)

(Submitted February 5, 1936. Decided February 15, 1936.)

[54 Pac. (2d) 563.]

*Messrs. Toomey & McFarland* and *Mr. John W. Chapman,* for Appellant, submitted a brief; *Mr. Chapman* argued the cause orally.

*Mr. T. H. MacDonald,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On January 31, 1935, the plaintiff, Sam Davis, secured a default judgment against the defendant, Bell Boy Mining Company, in a justice of the peace court. On February 9 the defendant filed and, two days later, presented a motion to set

aside the judgment, which motion was supported by affidavits. Owing to illness the justice did not rule on the motion until April 3, when he refused to set the judgment aside. On April 6 the defendant served and filed notice of appeal from the judgment. The appeal was perfected, and the record transmitted to the district court, but thereafter, on motion of plaintiff, the appeal was dismissed. The defendant has now appealed from the judgment of dismissal, which appeal presents the sole question as to whether or not the appeal to the district court was timely.

Our Constitution (sec. 23, Art. VIII) declares that "appeal ▮▮▮▮ shall be allowed from justices' courts, in all cases, to the district courts, in such manner and under such regulations as may be prescribed by law." Pursuant to this authority, the legislature has prescribed that such an appeal may be taken "at any time within thirty days after the rendition of the judgment." (Sec. 9754, Rev. Codes 1921.) Such a provision is a statute of limitations, and, unless the appeal is taken within the time prescribed, the appellate court acquires no jurisdiction and the appeal must be dismissed. (*Welcome* v. *Howell,* 20 Mont. 42, 49 Pac. 393; *Hopkins* v. *Kitts,* 37 Mont. 26, 94 Pac. 201; *Wilson* v. *Norris,* 43 Mont. 454, 117 Pac. 100.) The legislature has also declared that "there is no appeal from a judgment by default, * * * except on questions of law which appear on the face of the papers or proceedings, and except in cases when the justice's * * * court, has abused its discretion in setting aside or refusing to set aside a default or judgment." (Sec. 9755, Id.)

Under fact conditions similar to those in the case at bar, this court has said: "There being no appeal allowed from the order refusing to set aside the default and judgment * * * and the appeal from the judgment having been perfected after the lapse of 30 days from the rendition thereof, the district court was without jurisdiction to entertain it." (*State ex rel. Cobban* v. *District Court,* 30 Mont. 93, 75 Pac. 862, 863.) This declaration, based upon the strict letter of the statutes alone, is

apparently correct, as "an appeal lies only when authorized by statute." (*City of Miles City* v. *Drum*, 60 Mont. 451, 199 Pac. 719, 720.) But are the declarations in the *Cobban Case* and the *Drum Case* strictly accurate in the face of the constitutional guaranty of the right of appeal from justices' courts "in all cases"?

On constitutional grounds it is held that, where a statute is so framed as to deny the right of appeal in certain instances, the statute is invalid as to an aggrieved litigant who is thereby denied an appeal. (*O'Bannon* v. *Ragan*, 30 Ark. 181; *Rankin* v. *Schofield*, 70 Ark. 83, 66 S. W. 197.) Here, however, the statute does not deny to this defendant the right to appeal, but, as interpreted in the *Cobban Case*, it reaches the same result by not providing against an exigency which might arise, and did arise in the instant case, barring appeal.

Counsel for the plaintiff asserts that the judgment should be affirmed for the reason that, as the trial on an appeal from a justice of the peace court is *de novo*, the defendant could have appealed from the judgment without waiting for a ruling on its motion, but with this assertion we cannot agree.

The statute expressly declares that there is no appeal from a default judgment except in the special instances enumerated, and, under the provisions of that portion of section 9755 quoted above, the district court is merely called upon to determine whether or not the justice of the peace court "abused its discretion" in ruling on a motion to set aside the judgment; it could neither affirm nor reverse the judgment, but, to the extent that the court is required to reconsider the action of the justice to determine whether the lower court abused the discretion vested in it, the action on appeal is a review rather than the familiar trial *de novo* on appeal from such a court.

While the statutes are not the same, on principle, the following cases are in point: *Maxson* v. *Superior Court*, 124 Cal. 468, 57 Pac. 379; *Sherer* v. *Superior Court*, 94 Cal. 354, 29 Pac. 716.

The district court can acquire no jurisdiction by appeal until

the lower court has acted, and cannot try the case *de novo* unless it determines that the lower court abused its discretion in refusing to set aside the judgment on the showing made in support of the motion.

Had the defendant attempted to appeal from the default judgment without waiting for a ruling on his motion, the only possible effect such an appeal could have had would have been an affirmance of the default judgment. (*Gage* v. *Maryatt*, 9 Mont. 265, 23 Pac. 337.) Such an appeal would have been an abandonment of the motion, as the statute does not authorize the district court to try the motion anew, but merely to determine whether or not the lower court abused its discretion.

No appeal would lie until after the justice ruled on the motion, and the defendant appealed as soon as an appeal was possible; therefore, if the ruling in the *Cobban Case* is correct, it ▉ had no appeal. However, the motion to set aside a default judgment, authorized by section 9187, Revised Codes 1921, and recognized as applying to such a judgment as this by section 9755, above, is akin to, or in effect, a motion for a new trial.

While our attention has been called to, and we have found, no case ruling on a situation such as that here presented, the following rules with reference to the motion for a new trial are well established: The limitation of time within which an appeal may be taken is fixed by law so as to bring litigation to an end and define the limit of the trial court's jurisdiction (*State Bank of New Salem* v. *Schultze*, 63 Mont. 410, 209 Pac. 599), and, ▉▉ although a judgment is defined as the *final* determination of the rights of the parties to an action or proceeding (sec. 9313, Rev. Codes 1921), the action must be regarded as still pending within the meaning of the section until final determination on appeal, or until the time for appeal has passed (*Noe* v. *Matlock*, 64 Mont. 35, 208 Pac. 591). "A new trial is a re-examination of an issue of fact in the same court after a trial and decision by a jury or court, or by referees." (Sec. 9395, Rev. Codes 1921.) The expression "issue of fact," used in its broader sense, would include every issue of fact, whether aris-

ing upon formal pleadings or upon a motion, but, as used in the statute, the expression refers only to issues arising under the pleadings. It follows that a motion for a new trial will not lie from a ruling on a motion (*State ex rel. Heinze* v. *District Court*, 28 Mont. 227, 72 Pac. 613), but, as here, the ruling is reviewed on appeal from the judgment.

In line with our decisions above (*State Bank* v. *Schultze* and *Noe* v. *Matlock*), it is said: "Under our procedure, there is no inhibition against entering a judgment immediately after the verdict, and, in the event a motion for new trial is not filed within the statutory time, said judgment becomes final. If within said period of time a motion for new trial is filed, it thereupon becomes the duty of the trial court to review its action; * * * it is only after the trial court has * * * arrived at the conclusion that no error has been committed and has overruled a motion for new trial that the litigation in the trial court is actually terminated." (*Price* v. *Sanditen*, 170 Okl. 75, 38 Pac. (2d) 533, 536.)

Where, therefore, a motion for a new trial, authorized by law, ▮ is made within time, the judgment entered, and on which otherwise an execution might issue, is not final until the motion is disposed of (*Everett* v. *Jones*, 32 Utah, 489, 91 Pac. 360; *McClellan* v. *Wood*, 78 Fla. 407, 83 So. 295; *Vogelsang* v. *Fredkyn*, 133 Ill. App. 356); the proceeding "is *in fieri* until the motion is denied; and until then the judgment must be considered as in paper, or as suspended as a roll"; and the period for appeal does not begin to run until the motion for a new trial is denied. (*Pearce* v. *Strickler*, 9 N. M. 46, 49 Pac. 727; *Wheeler* v. *Barr*, 6 Ind. App. 530, 33 N. E. 975; *State ex rel. Scott* v. *Smith*, 104 Mo. 419, 16 S. W. 415; *Doerschuk* v. *Locke*, 330 Mo. 819, 51 S. W. (2d) 62; *Higginbotham* v. *Campbell*, 85 Ga. 638, 11 S. E. 1027.)

Where the right to grant new trials is conferred upon justices ▮▮ of the peace, the same principles govern the extent and exercise of the jurisdiction as govern courts of record, and, when timely motion for a new trial in a justice court is made, the motion suspends the judgment until the motion is disposed of

(*State ex rel. Porter* v: *Ritchie*, 32 Utah, 381, 91 Pac. 24); and the statutory time for appeal begins to run from the date of ruling on the motion and not from the date of the entry of judgment. (*Conner* v. *Lowey*, (Tex. Civ. App.) 149 S. W. 199).

Commenting upon a statute such as our provision granting the right of appeal in cases in justices' courts, the supreme court of Alabama said: "This enactment is perfectly plain and intelligible in its requirements, both as to the time within which the appeal may be prayed for and a bond executed; yet we apprehend that the time will not begin to be computed, until the judgment has received the final action and approbation of the justice. * * * For then, and not sooner, does the officer rendering the judgment consider it final." (*Moore* v. *Jones*, 13 Ala. 296.)

The rule, governing both in courts of record and justices' courts, seems to be that, in the absence of statutory regulation respecting a motion for a new trial, the motion, when authorized by statute, suspends the judgment as a *final* determination of the action, until the motion is passed upon. This rule is sound in the absence of specific statutes on the subject, and, without intimating its applicability under our new trial statutes, as we have no specific statute on the subject before us, other than those considered above, in order to bring section 9755, above, into harmony with the mandate of the Constitution, it must be held that, on timely motion to set aside a default judgment in the justice court, the judgment is "suspended as a roll" and the time for taking an appeal therefrom begins to run from the time the motion is sustained or overruled. The decision in *State ex rel. Cobban* v. *District Court*, above, is expressly overruled.

The judgment of dismissal of the appeal is reversed and the cause remanded, with direction to overrule the motion to dismiss and entertain the appeal.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICES STEWART, ANDERSON and MORRIS concur.