## DALTON et al. v. WHITE et al.
### No. 8021.

United States Court of Appeals for the District of Columbia.

Argued May 12, 1942.

Decided June 22, 1942.

Messrs. T. S. Settle and Richard S. Doyle, with whom Messrs. Ross O'Donoghue, James Conlon, Edward M. Reidy, Daniel W. O'Donoghue, Jr., Andrew I. Hickey, John K. Cunningham, John C. Shaw, William Wendell, and Irwin Geiger, all of Washington, D. C., were on the brief, for appellants.

Mr. David G. Bress, with whom Mr. Alvin L. Newmyer, both of Washington, D. C., was on the brief, for appellees Louis C. White, Stella White, Mary Freund, Robert E. White, Sr., Robert E. White, Jr., and Katherine A. Morrisey.

Mr. Geo. E. Hamilton, Jr., with whom Messrs. Geo. E. Hamilton, John J. Hamilton, and Henry R. Gower, all of Washington, D. C., were on the brief, for appellees Catholic University of America, John K. Cartwright, and Michael J. Curley.

Mr. P. J. J. Nicolaïdes, of Washington, D. C., also entered an appearance for appellees White et al.

Before GRONER, Chief Justice, and VINSON and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

This is a suit to construe the will of the late Mary Frances White of Washington, D. C. Clauses 1 to 10 of the will make bequests to certain friends, relatives, and religious organizations. Clause 11 reads: "I give and bequeath to each one of my cousins living at the time of my death, irrespective of the remoteness of their relationship and irrespective of whether his or her parent cousin may be living one thousand dollars." The first cousins of the testatrix, who were her heirs and next of kin, were named in clause 12 as residuary legatees. She had remoter cousins, living in Washington, of whose exact relationship she was uncertain. She made bequests to a few of them by name. About two thousand persons, living in various places, filed claims under clause 11. More than one thousand have intervened in this suit. The District Court ruled that clause 11 is incapable of execution and therefore void. Certain claimants under that clause appeal.

■ When there is no evidence of a different intention the word "cousins" is often taken to mean first cousins. But the phrases "irrespective of the remoteness of their relationship" and "irrespective of whether his or her parent cousin may be living" show that appellant did not mean to limit her bequest to first cousins, or to persons who were related to her or to a common ancestor in *any* particular degree. Broad words like "relatives" are often interpreted, when there is no evidence of a different intention, as limited to next of kin; those relatives who would be entitled to take on intestacy.[1] But clause 11 shows a different intention, since persons cannot be next of kin, or entitled to take on intestacy, "irrespective of the remoteness of their relationship." It is quite as clear that the testatrix had no thought of incorporating in her will the limit fixed by the escheat statute of the District of Columbia, which provides that intestate property shall pass to the District when there are no relations within the fifth degree.[2] That statute is primarily concerned not with who may, but with who may not, take on intestacy. It has no bearing on the question in this case, which is, what did the testatrix mean by clause 11?

■ We have to determine that question in the light of her entire will. We cannot infer that she meant to make bequests to all the thousands of unknown persons who were distantly related to her. That construction would defeat intentions which she plainly expressed in other clauses of the will. It would exhaust the estate, and thereby prevent payment of more than a fractional part of the bequests to named friends, relatives and religious organizations, which she made in clauses 1 to 10. It would prevent the persons whom she undertook to benefit by her residuary clause from receiving anything under it. By "my cousins" she does not appear to have meant any definite category of persons. We are not at liberty to guess what individuals, if any, she had in mind. Since clause 11 can be given no definite meaning, it is void for uncertainty.[3]

Affirmed.

[1] Thompson v. Thornton, 197 Mass. 273, 83 N.E. 880; note, 57 A.L.R. 1180.

[2] D.C.Code, 1940, § 18-717.

[3] Cf. Tolson v. Tolson, 10 Gill. & J., Md., 159, 174; In re Bernheim's Estate, 82 Mont. 198, 266 P. 378, 57 A.L.R. 1169.