STATE ex rel. FARMERS ELEVATOR COMPANY OF RE-
SERVE, a Corporation, Applicant, v. DISTRICT COURT
of the Fifteenth Judicial District in and for the COUN-
TY OF SHERIDAN, Respondent.

STATE ex rel. VICTORIA ELEVATOR COMPANY, a Cor-
poration, Applicant, v. DISTRICT COURT of the Fif-
teenth Judicial District in and for the COUNTY OF
DANIELS, Respondent.

Nos. 11033, 11034.

Submitted December 1, 1965. Decided January 19, 1966.

410 P.2d 160.

Bjella, Jestrab Neff & Pippin, Williston, N. D., Frank F.

Jestrab (argued), Williston, N. D., Frederick C. Rathert, Williston, N. D., for applicant.

Brattin, Habedank & Cummings, Sidney, Otto Habedank (argued), Sidney, Jack R. Loucks (argued), Wolf Point, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This matter comes before the court on applications for writs of supervisory control in Cause No. 11033, State ex rel. Farmers Elevator Company of Reserve, a Corporation v. District Court of the Fifteenth Judicial District, in and for the County of Sheridan, and Cause No. 11034, State ex rel. Victoria Elevator Company, a Corporation v. District Court of the Fifteenth Judicial District in and for the County of Daniels; and this opinion disposes of both Causes.

The original action in Cause No. 11033 was filed on August 10, 1965, by the applicant, Farmers Elevator Company of Reserve, to recover the purchase price on certain barley and grains sold to the defendants. The proceeding was against E. L. Pheister, Glen Dockter, and Dockter and Pheister, Inc., defendants licensed by the Department of Agriculture of the State of Montana to carry on the business of buying grain, and against the United States Fidelity and Guaranty Company, their surety upon a bond executed and delivered to the Department of Agriculture in accordance with the licensing statutes of the State of Montana. Subsequently the defendant, United States Fidelity and Guaranty Company moved the trial court for an order dismissing them from the action on the grounds that the complaint did not state a claim upon which relief could be granted and that the plaintiff-applicant was not the real party in interest. On September 24, 1965, the Honorable Jack R. Loucks, District Judge of the Fifteenth Judicial District sustained the motion and dismissed the action without prejudice. On November 3, 1965, the applicant appeared before this court ex parte seeking to have the order set aside and the action reinstated. An alternative order issued November 8,

1965, commanding the respondent District Court to vacate its order of September 24 or appear before this court and show cause why it had not done so.

The opinion of the respondent is that the applicant is not in a position to enforce the suretyship contract. It appears that the extent of the liability of the United States Fidelity and Guaranty Company under the bond is $20,000. The claim of the applicant, Farmers Elevator Company of Reserve is for $5,-971.49. In a companion action, Victoria Elevator Company claims $6,029.75. The defendant surety company avers that there are others to whom they might be liable under the same surety bond contract, but who have not yet asserted their rights. It is their position that to allow each claimant to sue individually opens the surety company to a multiplicity of suits. The respondent does not contend before this court that the applicant is not a party for whose benefit the surety bond contract was entered into. Nor does respondent question the general rule that a creditor-beneficiary has the right to enforce a contract made expressly for his benefit. R.C.M.1947, § 13-204; 72 C.J.S. Principal and Surety § 264, p. 711.

But respondent does insist that under R.C.M.1947, § 3-229, the Department of Agriculture is the only party that can institute proceedings against the surety at this stage. Such section reads as follows:

"Whenever any warehouseman, grain dealer, track-buyer, broker, agent or commission man is found to be in a position where he cannot, or where there is a probability that he will not meet in full all storage obligations or other obligations resulting from the delivery of grain, it shall be the duty of the department of agriculture, through the division of grain standards, to intervene in the interests of the holders of warehouse receipts or other evidences of delivery of grain for which payment has not been made, and the department of agriculture shall have authority to do any and all things lawful and needful for the protection of the interests of the holders of warehouse receipts or other evidences of the delivery of grain for

which payment has not been made, and when examination by the department of agriculture shall disclose that for any reason it is impossible for any warehouseman, grain dealer, track-buyer, broker, agent or commission man to settle in full for all outstanding warehouse receipts or other evidences of delivery of grain for which payment has not been made, without having recourse upon the bond filed by said warehouseman, grain dealer, track-buyer, broker, agent or commission man, it shall then be the duty of the department of agriculture for the use and benefit of holders of such unpaid warehouse receipts or other evidences of the delivery of grain for which payment has not been made, to demand payment of its undertaking by the surety upon the bond in such amount as may be necessary for full settlement of warehouse receipts or other evidences of delivery of grain for which payment has not been made. It shall be the duty of the attorney general or any county attorney of this state to represent the department of agriculture in any necessary action against such bond when facts constituting grounds for action are laid before him by the department of agriculture."

The above-quoted statute imposes a duty upon the Department of Agriculture to protect the rights of all parties entitled to recover on a given surety bond contract. However, it does not, in our view, preclude an aggrieved party from bringing its own action independently. On the contrary, such individual right is expressly provided for by R.C.M.1947, § 6-313. This statute provides: "Every official bond executed by any officer pursuant to law is in force and obligatory upon the principal and sureties therein to and for the State of Montana, and to and for the use and benefit of all persons who may be injured or aggrieved by the wrongful act or default of such officer in his official capacity; *and any person so injured or aggrieved may bring suit on such bond, in his own name, without an assignment thereof.*" Emphasis supplied.

Section 6-313 is made applicable to the surety bond involved in this case by R.C.M.1947, § 6-331, which states:

"The provisions of this chapter apply to the bonds of county, town, or township officers or on the official bond of any executor, administrator, guardian *or on the bond or undertaking of any person where by law a bond or undertaking is required* except state officers and employees." Emphasis supplied. The surety bond here involved is required by R.C.M.1947, § 3-228.

It is also contended that by virtue of the provisions of section 3-229 the Department of Agriculture is the only real party in interest under Rule 17(a), M.R.Civ.P. As we see it the applicant is the real party in interest. It is the applicant who suffers the alleged injury, not the State of Montana. The surety bond was entered into not for benefit of the State, but for the benefit of the seller of grain. As said by Corbin in his section on official and public service bonds, where "it is clear that the individuals are the beneficiaries intended to be protected [rather than the state, municipality, or a public trustee] * * * they should experience no difficulty in maintaining suit." Corbin on Contracts, (one volume edition), § 804, p. 767 (1952).

It is our view that the duty is upon the Department of Agriculture to intervene and should it fail to do so, the defendant could consolidate the actions for one trial under the Montana Rules of Civil Procedure. The claims arise out of the same series of transactions and involve the same questions of law and fact. Moreover, the respondent surety company surely is in a better position than the applicant to know what parties they might become liable to. Further, since the Department of Agriculture is the principal obligee on the bond, it could be joined under Rule 19, M.R.Civ.P.

For the reasons stated herein, the orders of the lower court dated September 24, 1965, sustaining the motions to dismiss and dismissing the actions without prejudice should be vacated, and orders denying the motions to dismiss entered in lieu thereof in each case.

It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN CONWAY HARRISON, ADAIR and CASTLES concur.