No. 12452

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

_____

PEAVEY COMPANY and **EDWARD** PAINE, JR.,

      Plaintiffs and Appellants,

-vs-

AGRI-SERVICES, INC., a Montana
corporation, and GENERAL INSURANCE
COMPANY OF AMERICA, et al.,

      Defendants and Respondents.

_____

Appeal from:  District Court of the Fourteenth Judicial District,
             Honorable Nat Allen, Judge presiding.

Counsel of Record:

    For Appellants:

        Moulton, Bellingham, Longo & Mather, Billings, Montana
        Ward Swanser argued, Billings, Montana
        Holter and Heath, Bozeman, Montana
        Robert Holter argued, Bozeman, Montana

    For Respondents:

        Towe, Neely and Ball, Billings, Montana
        Sandall, Moses and Cavan, Billings, Montana
        Bruce R. Toole argued, Billings, Montana
        Burns and Solem Chinook, Montana
        Stuart C. MacKenzie argued and William M. Solem
         appeared, Havre, Montana
        Weber, Bosch, Kuhr, Dugdale and Warner, Havre, Montana
        John Warner argued, Havre, Montana
        Hickman and Moore, Harlowton, Montana
        Jones, Olsen and Christiansen, Billings, Montana
        Robert Zimmerman, Billings, Montana
        Gallagher and Archambeault, Glasgow, Montana
        Berger, Anderson, Sinclair and Murphy, Billings, Montana
        Longan, Holmstrom and Cebull, Billings, Montana

_____

Submitted:  November 29, 1973

Decided:  DEC 2 8 1973

Filed:  DEC 2 8 1973

_Thomas J. Kearney_
             Clerk

Mr. Justice John C. Harrison delivered the Opinion of the Court.

In the latter part of 1971, Agri-Services, a public warehouse operation, got into financial difficulties and ceased operations. At that time it owed an undetermined amount for grain purchased and delivered to it. Agri-Services had previously filed the bond required by section 3-228, R.C.M. 1947, in the amount of $20,000 with the Montana Department of Agriculture. The bondsman was General Insurance Company of America (hereinafter known as General). The record shows that at least one of the appellants, Peavey Company, on November 18, 1971, notified the Montana Department of Agriculture of the situation and that it had filed suit against both Agri-Services and General on that same day. Paine filed a separate action one day later on November 19, 1971. Subsequently seven other suits were filed against Agri-Services, other named defendants and General in various combinations at dates varying from late November, 1971 to December 1972. None of these suits have been reduced to judgment. Paine took judgment against Agri-Services and General on May 5, 1972 and Peavey took judgment against both defendants on September 13, 1972. Neither judgment was appealed.

On November 8, 1972, the district court, on its own motion, ordered that no execution should issue in any of the cases, including the two that had been reduced to judgment, for the reason that the $20,000 bond should be prorated among all the claimants. On December 11, 1972, again upon its own motion, the district court issued an order consolidating all of the cases, and which in pertinent part states:

> " * * * and it further appearing to the Court
> that the common question of law is whether or not
> said $20,000 paid into Court should be distributed
> pro rata or shall be distributed to the first who
> filed and got judgment; and the Court having already
> ruled that said $20,000 shall be distributed pro
> rata regardless of the time of judgment;

- 2 -

> "IT IS THEREFORE ORDERED, that all said actions
> are hereby consolidated into one action for the
> purpose of settling the legal questions involved.
> * * *"

Paine and Peavey moved to set aside the consolidation order, and

the order to prorate the bond. From a denial of that motion,

and the orders to consolidate and to distribute the bond pro

rata, Paine and Peavey appeal.

Appellants cite several issues for review but in our

view only one need be dealt with. That issue is whether the

district court could consolidate the two cases which had been

reduced to judgment with the other cases pending before it but

which had not been reduced to judgment.

As a preliminary, we note that had the Montana Department

of Agriculture acted as it was under a duty to do, this case might

not be before the Court. Section 3-229, R.C.M. 1947, says:

> "Whenever any warehouseman, grain dealer, track
> buyer, broker, agent or commission man is found
> to be in a position where he cannot, or where
> there is a probability that he will not meet in
> full all storage obligations or other obliga-
> tions resulting from the delivery of grain, it
> shall be the duty of the department of agricul-
> ture, through the division of grain standards,
> to intervene in the interests of the holders
> of warehouse receipts or other evidences of
> delivery of grain for which payment has not
> been made, and the department of agriculture
> shall have authority to do any and all things
> lawful and needful for the protection of the
> interests of the holders of warehouse receipts
> or other evidences of the delivery of grain for
> which payment has not been made, and when exam-
> ination by the department of agriculture shall
> disclose that for any reason it is impossible
> for any warehouseman, grain dealer, track buyer,
> broker, agent or commission man to settle in
> full for all outstanding warehouse receipts or
> other evidences of delivery of grain for which
> payment has not been made, without having re-
> course upon the bond filed by said warehouseman,
> grain dealer, track buyer, broker, agent or
> commission man, it shall then be the duty of
> the department of agriculture for the use and
> benefit of holders of such unpaid warehouse
> receipts or other evidences of the delivery of
> grain for which payment has not been made, to
> demand payment of its undertaking by the surety
> upon the bond in such amount as may be necessary
> for full settlement of warehouse receipts or

other evidences of delivery of grain for which
payment has not been made.  It shall be the duty
of the attorney general or any county attorney
of this state to represent the department of
agriculture in any necessary action against such
bond when facts constituting grounds for action
are laid before him by the department of agri-
culture."  (Emphasis supplied)

By its failure to act, the Department of Agriculture has per-
mitted a situation to grow in which it is inevitable that some
of the class which section 3-229, R.C.M. 1947 was designed to
protect, will be injured far in excess of that which they would
have been had the Department of Agriculture acted as it was
under a duty to do.  (In addition we note that the statute does
not require, nor does the Department of Agriculture have a
regulation defining, a time limit for submission of claims in
the event that the Department of Agriculture does act in accord-
ance with its statutory duty.  Such would seem necessary if
these matters are to be settled with reasonable certainty and
promptness.)  We invite the attention of the Legislature and
the Department of Agriculture to this matter.

We also note that the question of whether a creditor
can bring an action on his own behalf where the Department of
Agriculture does not act pursuant to section 3-229, R.C.M. 1947,
has been settled by State ex rel. Farmers Elevator Co. v. Dist.
Ct., 147 Mont. 72, 75, 410 P.2d 160.  It said:

" * * * However, it (referring to section 3-229,
R.C.M. 1947) does not, in our view, preclude
an aggrieved party from bringing its own action
independently."

In this case it is undisputed that the Montana Department of Agri-
culture failed to act, and so the parties quite properly pro-
ceeded to protect their rights by bringing independent actions.

As we see it, the crux of this case is the effect of the
consolidation order of December 11, 1972.  That order was founded
upon the authority of Rule 42(a), M.R.Civ.P., which reads:

- 4 -

"When actions involving a common question of
law or fact are pending before the court, it
may order a joint hearing or trial of any or
all the matters in issue in the actions; it may
order all the actions consolidated; and it may
make such orders concerning proceedings therein
as may tend to avoid unnecessary costs or delay."

We hold that the Peavey and Paine cases were not "pending be-
fore the court" so as to make them amenable to consolidation.

This Court had occasion to discuss the nature of a
"judgment" and a "pending action" in Davis v. Bell Boy Gold Min.
Co., 101 Mont. 534, 540; 54 P.2d 563, in connection with section
9313, Rev. Codes, 1921, which was the predecessor of Rule 54(a),
M.R.Civ.P.  Section 9313, Rev. Codes, 1921 reads:

"A judgment is the final determination of the
rights of the parties in an action or proceed-
ing."

Rule 54(a), M.R.Civ.P., reads:

"A judgment is the final determination of the
rights of the parties in an action or proceeding
and as used in these rules includes a decree
and any order from which an appeal lies.  A
judgment shall not contain a recital of plead-
ings, the report of a master, or the record of
prior proceedings."

As can be seen, Rule 54(a), M.R.Civ.P. did not change

the definition but rather incorporated section 9313, Rev. Codes,

1921, and spelled out the definition in more precise detail.  In

any case the definitions are sufficiently similar so that, with-

in the context of this case, what was said in Davis is applicable

here.  It reads:

" * * * The limitation of time within which an
appeal may be taken is fixed by law so as to bring
litigation to an end and define the limit of the
trial court's jurisdiction, and, although a judg-
ment is defined as the final determination of the
rights of the parties to an action or proceeding
(sec. 9313, Rev. Codes, 1921), the action must be
regarded as still pending within the meaning of the
section until final determination on appeal, or
until the time for appeal has passed."  (Citations
omitted)

- 5 -

From this it follows that when the time for appeal has passed the case is no longer "pending before the court". It is undisputed that the time for appeal on both cases has passed. Hence, they are no longer "pending before the court" and they cannot be brought within the purview of Rule 42(a), M.R.Civ.P.

It should be borne in mind that the reason for Rule 42(a), M.R.Civ.P. is expressed in the rule itself: " * * * tend to avoid unnecessary costs or delay."

Thus the purpose of consolidation is to expedite the business of the court, economically and with justice to the parties. See Wright & Miller, Federal Practice and Procedure: Civil § 2382. We fail to see how consolidating two cases which have been reduced to judgment with cases which, at the time of the order had not been reduced to judgment, would serve this purpose.

We note that from the inception of the Peavey suit, any of the claimants could have intervened, Rule 24, M.R.Civ.P., or they could have required the Montana Department of Agriculture to intervene by a writ of mandate inasmuch as the language of section 3-229, R.C.M. 1947 is mandatory, or they could have moved for consolidation at any time prior to Paine's judgment. Furthermore, Agri-Services and General could have joined all claims against them, Rule 20, M.R.Civ.P., and they too could have moved for consolidation. None of these things was attempted. We recognize that the scope of Rule 42, M.R.Civ.P., is sweeping. Wright & Miller, Federal Practice and Procedure, Civil §§ 2382, 2383, 2384. Nevertheless we think this case overreaches the bounds of the permissible use of Rule 42(a), M.R.Civ.P. See Prudential Ins. Co. of Am. v. Marine Nat. Exch. Bank, 55 F.R.D. 436; Schacht v. Javits, 53 F.R.D. 321; Transeastern Shipping Corp. v. India Supply Mission, 53 F.R.D. 204; Schimmel v. District

- 6 -

Court of Adams County, 155 Colo. 240, 393 P.2d 741.

We therefore hold that the order staying the execution of the Paine and Peavey judgments and the order of consolidation are void as to Paine and Peavey.

The order appealled from is reversed as for the appellants Peavey and Paine.

_____
                                                    Justice

We concur:

_____
Chief Justice

_____

_____
Justices


Mr. Justice Frank I. Haswell did not participate in this cause.

- 7 -

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 12452

PEAVEY COMPANY and
EDWARD PAINE, Jr.,

      Plaintiffs and Appellants,

vs.

AGRI-SERVICES, INC., A Montana
Corporation, and GENERAL INSURANCE
COMPANY OF AMERICA, et al.,

      Defendants and Respondents.

FILED

JAN 21 1974

Thomas J. Kearney

CLERK OF SUPREME COURT
STATE OF MONTANA

ORDER

ON PETITION FOR REHEARING

PER CURIAM:

IT IS ORDERED that the above-captioned opinion be amended in the following manner:

Starting with line two, page seven, of the opinion, substitute the following paragraph:

"We therefore hold that the order staying the execution of judgments entered prior to the order of consolidation are void."

With this amendment the petition for rehearing is denied.

DATED this 21st day of January, 1974.