IOWA STATE COMMERCE
COMMISSION, Appellee,

v.

IGF INSURANCE CO., Appellant,

David A. Erickson, Trustee, Intervenor.

No. 66218.

Supreme Court of Iowa.

Aug. 26, 1981.

Larry Seckington and Pamela D. Griebel of Scalise, Scism, Gentry, Brick & Brick, Des Moines, for appellant.

Daniel J. Fay and Alice J. Hyde, Asst. Commerce Counsel, Des Moines, for appellee.

Gibson C. Holliday of Wasker, Sullivan & Ward, Des Moines, for intervenor.

Considered by REYNOLDSON, C. J., and UHLENHOPP, McGIVERIN, LARSON, and SCHULTZ, JJ.

McGIVERIN, Justice.

IGF Insurance Company appeals from a trial court judgment requiring it to turn over the proceeds of statutory grain dealer's and warehousemen's bonds to the Iowa State Commerce Commission. The court also ruled that the Commission could then turn the proceeds over to a trustee in bankruptcy for distribution to proper claimants. If the parties handled the funds this way, the court held IGF and the Commission would fulfill their obligations to claimants. We affirm in part and reverse in part.

The facts of this case are undisputed. The Commerce Commission oversees grain dealers and warehousemen in Iowa. §§ 542.2, 543.2, The Code 1979. In 1978 the Commission issued a grain dealer's license and a warehouseman's license to Prairie Grain Company of Stockport. As a condition to receiving the licenses, Prairie Grain had to file bonds with the Commission to ensure performance of its duties as a licensed grain dealer and warehouseman. §§ 542.4, 543.12. The grain dealer's bond was for $25,000 and the warehouseman's bond was for $196,000. Both bonds named IGF as surety and were payable to the State for the benefit of persons doing grain and warehouse business with Prairie Grain.

In early 1980 Prairie Grain Company collapsed financially. The Commission temporarily suspended Prairie Grain's licenses. On February 15, 1980, involuntary bankruptcy proceedings in federal court were instituted and David A. Erickson was named trustee.

On April 30, 1980, the Commission permanently revoked the licenses. §§ 542.10, 543.10. By statute and under the terms of the bonds, claimants to the bond proceeds had 120 days from the revocations to file claims with Prairie Grain and IGF. §§ 542.12, 543.14. On June 3, 1980, before the expiration of the 120-day period for making claims, the Commission by letter demanded that IGF turn over the proceeds of the bonds.

When IGF did not respond to the letter, the Commission filed a petition on July 8 requesting that IGF be required to pay over the proceeds to the Commission.

IGF answered that it was not obligated to turn over the bond proceeds. IGF claimed that the Commission could not lawfully collect the proceeds of the bonds because the time for filing claims had not expired and the Commission had not determined specific creditors. The surety also claimed that the State could have the proceeds of the warehouseman's bond paid into court only after a court appointed the Commission as receiver. § 543.3, .4. However, no receivership was instituted. IGF also alleged that it could not pay over the proceeds because it had learned that the Commission planned to turn the proceeds over to the bankruptcy trustee. IGF contends the trustee does not have jurisdiction over the bond proceeds. Finally, IGF stated it was fearful that if it turned over the proceeds in this situation, it would not be discharged from its obligation on the bonds. IGF wants to protect itself from suits by individual claimants. See § 543.14; Iowa R.Civ.P. 3.

After IGF answered, the bankruptcy trustee intervened. The parties stipulated that the intervention was proper. IGF, the Commission and the trustee then jointly filed a petition for declaratory relief. Iowa R.Civ.P. 261–69. Consistent with the original petition and answer, the parties asked the court to decide whether the Commission is entitled to the bond proceeds and, if so, whether IGF will be discharged from liability once it pays the Commission. The Commission also asked for a declaration that, after it turns over the proceeds to the bankruptcy trustee for determination of specific claimants and distribution, it will be discharged as to all claimants.

The trial court decided the case on a stipulation of facts. The parties agreed that IGF is liable on the bonds and that the amount of claims, although not yet specifically determined, exceeds the bond proceeds.

The trial court ruled that the Commerce Commission was entitled to the bond proceeds and after IGF pays them to the Commission, IGF will satisfy its obligation to claimants under the bonds. The court also declared that the Commission could then pay the proceeds over to the bankruptcy trustee and be relieved of any liability to claimants of the bond proceeds. IGF appeals and asks us to rule on the following issues:

1. Whether IGF, after admitting liability on the bonds in excess of their stated amount, must turn the proceeds over to the Commission; and

2. Whether the trial court properly declared that the Commission will be relieved of liability to claimants if it turns the proceeds over to the bankruptcy trustee for determination of, and distribution to, proper claimants.

I. *Liability of IGF to the Commission.* It is undisputed that IGF is liable to someone on the bonds and that the amount of claims exceeds the amount of the bonds. Prairie Grain has failed to perform its obligations to its customers and creditors as a warehouseman and grain dealer and therefore breached the conditions of the bonds. See *Avoca State Bank v. Merchants Mutual Bonding Co.,* 251 N.W.2d 533, 538–40 (Iowa 1977). This is not a case where the surety is disputing the fact or amount of liability.

■ Since IGF is admittedly liable for the full amount of the bonds, the first question is whether it may pay the bond proceeds to the Commission and thereby be discharged from liability. We hold that payment of the full amount of the bond proceeds to the Commission will discharge the surety.

IGF contends that the Commerce Commission may not collect the proceeds until individual claimants are finally determined or at least until the 120-day claims period has run. We conclude that this contention is without merit in this case because IGF stipulated that it was liable for the full amount of the bonds and the 120-day period has run.

■ IGF's main contention is that it should not be required to pay over the full amount of the proceeds to the State because it may have to face claims later from individual claimants. Under Iowa law, an individual claimant may bring an action in his own name to recover on the bond. § 543.14; Iowa R.Civ.P. 3.

■ A surety is usually only liable to proper claimants up to the face amount of a bond. *Witter v. Massachusetts Bonding & Insurance Co.,* 215 Iowa 1322, 1330, 247 N.W. 831, 834, 89 A.L.R. 1065, 1070 (1933); *Philip Carey Co. v. Maryland Casualty Co.,* 201 Iowa 1063, 1071, 206 N.W. 808, 811, 47 A.L.R. 495, 501–02 (1926); § 542.4. Ordinarily, "one recovery of the full amount constitutes a defense against all pending or future suits, even though such suits are based on distinct wrongful acts of the party giving the bond." *Witter,* 215 Iowa at 1330, 247 N.W. at 834, 89 A.L.R. at 1070. *Cf. Miles v. Fidelity & Casualty Co. of New York,* 185 So.2d 613 (La.Ct.App.1966) (where surety, after receiving notice of a claimant's judgment against principal, paid 94 percent of bond proceeds to other claimants, surety liable in excess of bond).

■ We conclude that the general rule of bond law limiting liability to the face amount of the bond will discharge IGF once it pays the proceeds to the Commission for the benefit of claimants. The State is the named payee on the bond for the benefit of claimants under the bond. The State was entitled to sue IGF without joining the claimants. Iowa R.Civ.P. 2, 9; *Cf. City of Ames v. Schill Builders, Inc.,* 274 N.W.2d 708, 710 (Iowa 1979) (municipality entitled to bring suit in own name because it entered into contract for another's benefit); *Sioux City v. Western Asphalt Paving Corp.,* 223 Iowa 279, 288–90, 271 N.W. 624, 630–32, 109 A.L.R. 608, 613–16 (1937) (municipality entitled to bring action in own name under contract entered into for another's benefit). Although the State is under no obligation to collect the proceeds, *see* sections 542.14, 543.38, it may choose to collect on bonds payable to it for the benefit of others. *Cf. Peavey Co. v. Agri-Services,*

*Inc.,* 163 Mont. 394, 396–97, 517 P.2d 718, 720 (1973) (where warehouseman or grain dealer does not perform obligations, department of agriculture shall demand payment of its undertaking by the surety on the bond); Mont.Code Ann. § 80–4–234 (1979). The State is not collecting the money to compensate itself for damages. Rather the State is collecting the money, as payee of the bonds, solely for the benefit of persons injured by the collapse of Prairie Grain. *See State Department of Agriculture v. Ackerman,* 34 Ill.App.3d 796, 797, 341 N.E.2d 48, 49 (1975).

■ The State's status as the payee on a statutory bond for the benefit of individuals has been described as that of an agent, quasi-trustee or trustee for the persons damaged by the licensee. *Equitable Surety Co. v. United States,* 234 U.S. 448, 456, 34 S.Ct. 803, 805, 58 L.Ed. 1394, 1397 (1914); *City of Ames,* 274 N.W.2d at 710; *Sioux City,* 223 Iowa at 289, 271 N.W. at 632, 109 A.L.R. at 617. Regardless of the label, it is clear that the State is collecting the proceeds solely for the benefit of injured persons and that it is obligated, once it collects the proceeds, to account for them to proper claimants. *Sioux City,* 223 Iowa at 290, 271 N.W. at 632, 109 A.L.R. at 617; *see Borror v. Sharon Steel Co.,* 327 F.2d 165, 168 (3d Cir. 1964) (administrator holds proceeds of suit in trust for beneficiary); *City of Oakland v. De Guarda,* 95 Cal.App. 270, 286–87, 272 P. 779, 785 (1928). When IGF pays the full amount of the proceeds to the Commission for the use of proper claimants, IGF will be discharged from future liability.

■ IGF contends that the only method whereby the Commission may collect the proceeds and discharge the surety is if the Commission is appointed receiver and a court orders that the proceeds of the warehouseman's bond be paid into court. Granted, the only statutory method of discharging the surety on the warehouseman's bond is by appointment of a receiver and payment of the proceeds into court. § 543.4(1). As discussed above, however, the surety will also be discharged under general common-law principles of bond law. Alternatively,

IGF could have been discharged on both bonds by instituting an interpleader action. Iowa R.Civ.P. 35–41; *see Thomas v. Reliance Insurance Co.*, 617 F.2d 122 (5th Cir. 1980). The statutory method of discharging a surety on a warehouseman's bond under section 543.4 is just one alternative. The Commission may or may not exercise its discretion to be appointed receiver. § 543.3. *Cf. United States v. McDonald Grain & Seed Co.*, 154 F.Supp. 329, 332 (D.N.D.1957) (upon insolvency of grain warehouseman, state agency shall apply to be trustee of trust fund including cause of action on bond), *rev'd on other grounds, United States v. McCabe Co.*, 261 F.2d 539, 541–45 (8th Cir. 1959) (exception for federal agency claimant which is not subject to state statutory procedure); N.D.Cent.Code § 60–04–03 (Supp.1979).

The trial court correctly ruled that upon payment of the full amount of the proceeds to the Commission, IGF is discharged from its obligations on the bond.

II. *Payment of proceeds to bankruptcy trustee.* In its decision, the trial court also ruled that if the Commission turned the bond proceeds over to the bankruptcy trustee for determination of, and distribution to, proper claimants, the Commission would have satisfied the obligation it assumed by collecting the proceeds of the bonds.

The parties, including the bankruptcy trustee, stipulated that, although the bond proceeds are not assets of the bankrupt's estate, the determination of proper claimants "is inextricably interwoven with other issues ... before the bankruptcy court." The parties disagree over whether the bankruptcy trustee has jurisdiction to determine proper claimants and distribute the bond proceeds.

■ As stated in Division I, IGF may pay the proceeds to the Commission and thereby fulfill its obligations under the bond. We are not able to declare, however, that any one method of determining proper claimants and distributing the proceeds will discharge the Commission from any liability to claimants. Our holding in Division I, relieving IGF of liability to claimants once

it turns the bond proceeds over to the Commission, ends the dispute between these parties. Any declaration in this case about a method of distribution which would discharge the Commission from liability to claimants of the proceeds involves the rights of the claimants. They are, therefore, indispensable parties. Iowa R.Civ.P. 25(b) ("A party is indispensable if his interest ... would necessarily be inequitably affected by a judgment rendered between those before the court."). The trial court erred in declaring, in the absence of the claimants, how the Commission could be relieved of its obligation to account for the proceeds. *Wright v. Thompson*, 254 Iowa 342, 354, 117 N.W.2d 520, 527 (1962).

III. *Interest on the bond proceeds.*

■ Finally, the Commission has moved for judgment on a supersedeas bond filed by IGF. Iowa R.App.P. 9. We ordered the motion submitted with the appeal. The Commission asks us to enter judgment on the supersedeas bond for interest, at the market rate, on the statutory bonds from the date of the district court's judgment of January 19, 1981, until procedendo is issued. We order that IGF so pay interest on the bond proceeds at the statutory rate of ten percent per year from the date of the trial court judgment. *See* § 535.3, The Code 1981. The Commission's motion did not ask us to rule on any other claim to interest on the judgment. *See id.* The Commission did not seek, and the trial court did not order, any interest on the bond proceeds beyond statutory interest generally payable on judgments. *See generally, Mechanicsville Trust & Savings Bank v. Hawkeye Security Insurance Co.*, 158 N.W.2d 89, 93 (Iowa 1968).

Costs in this court are taxed to IGF.

AFFIRMED IN PART; REVERSED IN PART.