OSKALOOSA FOOD PRODUCTS
CORPORATION, Appellant,

v.

The AETNA CASUALTY AND SURETY
COMPANY, Appellee.

No. 68911.

Supreme Court of Iowa.

Aug. 17, 1983.

Charles F. Helsten of Spayde, White & Helsten, Oskaloosa, for appellant.

J.D. Hilmes of Duncan, Jones, Riley & Finley, Des Moines, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McGIVERIN, LARSON and WOLLE, JJ.

McGIVERIN, Justice.

Defendant The Aetna Casualty and Surety Company (Aetna) seeks further review of the court of appeals decision which reversed the district court order that statutory interest on the judgment for plaintiff Oskaloosa Food Products Corporation, Iowa Code § 535.3 (1981), accrued only from the date of judgment. Aetna contends that the district court ruled correctly because plaintiff did not request pre-judgment interest in its petition. We affirm the decision of the court of appeals that section 535.3 requires interest to be awarded from the date of the commencement of the action even though plaintiff did not request interest.

This action was commenced by plaintiff filing its petition on June 22, 1979. Oskaloosa Food Products won a jury verdict of $56,767.24 against defendant insurance company based on its refusal to pay for a loss under a contract of insurance coverage. The clerk of district court entered a judgment on the verdict on June 14, 1982, providing for interest at ten percent per year

on the judgment from the date the petition had been filed, all pursuant to section 535.3. That section provides as follows:

> Interest shall be allowed on all money due on judgments and decrees of courts at the rate of ten percent per year, unless a different rate is fixed by the contract on which the judgment or decree is rendered, in which case the judgment or decree shall draw interest at the rate expressed in the contract, not exceeding the maximum applicable rate permitted by the provisions of section 535.2, which rate must be expressed in the judgment or decree. *The interest shall accrue from the date of the commencement of the action.*

Iowa Code § 535.3 (1981) (emphasis added).

Aetna, relying on the fact that plaintiff had not requested interest in its petition at any time in the proceedings, applied for a nunc pro tunc order requesting that the judgment be amended to eliminate interest before the date of the judgment. The district court granted defendant's application and entered a nunc pro tunc order eliminating interest prior to judgment.

Oskaloosa Food Products then filed an application for a nunc pro tunc order reinstating the interest award from the date of filing of the petition. It also requested interest from the date of the loss giving rise to the controverted insurance claim.

The district court rejected plaintiff's claim regarding interest and overruled plaintiff's application for an order nunc pro tunc. Plaintiff appealed from this and other orders not now relevant. We transferred the appeal to the court of appeals.

The court of appeals reversed the district court on the issue of pre-judgment interest, holding that "plaintiff, by operation of law, is entitled to interest from the 'date of the commencement of the action.'" Defendant seeks further review of this issue.

Prior to amendment, effective on January 1, 1981, 1980 Iowa Acts ch. 1170, § 1, section 535.3 provided for interest on judgments as follows:

> Interest shall be allowed on all money due on judgments and decrees of courts at the rate of seven cents on the hundred by the year, unless a different rate is fixed by the contract on which the judgment or decree is rendered, in which case the judgment or decree shall draw interest at the rate expressed in the contract, not exceeding the maximum applicable rate permitted by the provisions of section 535.2, which rate must be expressed in the judgment or decree.

Iowa Code § 535.3 (1979).

Under the pre-1981 version of section 535.3, we held that an award of pre-judgment interest under section 535.3 was waived by a party's failure to request it. *Kuper v. Chicago and North Western Transportation Company,* 290 N.W.2d 903, 910 (Iowa 1980); *Bosch v. Garcia,* 286 N.W.2d 26, 27 (Iowa 1979); *Laverty v. Hawkeye Insurance Company,* 258 Iowa 717, 727, 140 N.W.2d 83, 89 (1966). Defendant contends that the amendment to section 535.3 did not obviate the requirement of requesting pre-judgment interest, and cites *Iowa State Commerce Commission v. IGF Insurance Co.,* 309 N.W.2d 445, 449 (Iowa 1981), a case decided under the amended section 535.3.

In *IGF,* the Commerce Commission on appeal asked us to enter judgment on the supersedeas bond for interest "from the date of the district court's judgment ... until procedendo is issued." *Id.* Nothing that the "Commission's motion did not ask us to rule on any other claim to interest on the judgment," *id.,* we limited our ruling to the issue presented by the parties.

The parties to this case, however, have not asked us to rule on a specific request for interest under section 535.3; they have asked us to construe the application of section 535.3 when no request for interest has been made. In so doing, we note, as did the court of appeals, that the amended section 535.3 is to be applied retrospectively to the date the petition was filed, even though that date was prior to the effective date of the revised section 535.3. *Janda v. Iowa*

*Industrial Hydraulics, Inc.,* 326 N.W.2d 339, 344 (Iowa 1982).

In *Sheer Construction, Inc. v. W. Hodgman and Sons, Inc.,* 326 N.W.2d 328, 334 (Iowa 1982), we concluded that use of the word "shall" in section 535.3 ("[i]nterest shall be allowed . . . ." and "interest shall accrue from the date of the commencement of the action") was evidence that the statute was obligatory. Consequently, we held that the district court lacked discretion to withhold interest on the judgment as a sanction for failure to make a good faith effort to settle.

Thus, we conclude that even when no request for interest is made, section 535.3, as amended, requires that "interest shall accrue from the date of the commencement of the action." In the present case, the district court erred in excluding pre-judgment interest on plaintiff's judgment. Oskaloosa Food Products should have been awarded interest at ten percent per year from the date of commencement of this action. The district court is reversed and the case is remanded. The district court is directed to reinstate the original judgment, stating interest in conformity with this opinion.

DECISION OF COURT OF APPEALS AFFIRMED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED WITH DIRECTIONS.