**UNITED PACIFIC INSURANCE COMPANY, Plaintiff,**

v.

**The STATE OF MONTANA, Acting by and Through the DEPARTMENT OF AGRICULTURE, Defendant.**

**No. CV 85–142–H.**

United States District Court,
D. Montana,
Helena Division.

Sept. 3, 1986.

Ronald F. Waterman, Gough, Shanahan, Johnson & Waterman, Helena, Mont., for plaintiff.

Garth Jacobsen, Montana Dept. of Agriculture, Helena, Mont., for defendant.

## OPINION AND ORDER

LOVELL, District Judge.

Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2202 exonerating it from liability under a certain Grain Dealer and Public Warehouseman Bond and Grain Merchandiser Surety Bond. The cause is before the Court on the defendant's motion to dismiss.

This action was prompted by the liquidation in bankruptcy of Coast Trading Company, a Washington corporation engaged in the grain warehouse business in Montana. In June 1981 plaintiff (hereinafter also "United"), as surety for Coast Trading, executed a Grain Dealer and Public Warehouseman Bond and a Grain Merchandiser Surety Bond in accordance with Montana law.[1] The former bond was in the amount of $195,000, and the latter, $20,000. Both were for a period of one year, and renewed previous coverages, also in accordance with section 80-4-205, Mont.Code Ann.

Following the liquidation of Coast Trading in bankruptcy, the defendant State of Montana, Department of Agriculture (hereinafter also "Department"), having determined that the available assets of Coast Trading would not satisfy its obligations to all persons to whom performance was owed, made demand upon United on behalf of such persons for the total sums of the two bonds. A dispute arose as to United's liability under the bonds, and the parties eventually settled the controversy for $180,000. Thereafter, the Department

again asserted claims on behalf of certain individuals, on the ground that such claims were outside the scope of the prior settlement and release.

United filed its complaint for declaratory relief in May 1985, seeking a determination, first, that neither of the subject bonds is exposed to any obligation asserted by the Department in its representative capacity, and second, that the prior settlement acted to release all claims between the parties, thereby foreclosing the Department from making any additional demands. The Department moved to dismiss for lack of subject matter jurisdiction, on the ground that it is not a "citizen" of Montana for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332.

In July 1985, United filed an amended complaint, asserting as a third claim for relief that the state statutes under which the bonds were required are unconstitutional as an impermissible burden on interstate commerce. Again, the Department moved to dismiss, claiming that the complaint fails to support jurisdiction on "federal question" grounds under 28 U.S.C. § 1331.

The issue before the Court is whether there is federal subject matter jurisdiction to entertain this action. If not, dismissal is required under Rule 12(b)(1), Fed.R.Civ.P.

Although the complaint was filed as a declaratory judgment action pursuant to 28 U.S.C. § 2202, the Declaratory Judgment Act is procedural only, and does not in itself extend the jurisdiction of the federal courts. *Skelly Oil v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 878, 94 L.Ed. 1194 (1950). Thus, jurisdiction in a declaratory judgment action must be analyzed "as if the Declaratory Judgment Act did not exist." *State of Arizona v. Atchison, Topeka and Santa Fe R. Co.*, 656 F.2d 398, 401 (9th Cir.1981).

United bases jurisdiction on both 28 U.S.C. § 1332 and 28 U.S.C. § 1331. If

---

1. Section 80-4-205, Mont.Code Ann., which was repealed in 1983, required all grain merchandisers applying for a mandatory license to file a bond with the Department of Agriculture in an amount not less than $15,000, executed by a corporate surety authorized to do business in Montana.

either ground is correct, subject matter jurisdiction will be proper.

■ Section 1332 of Title 28, United States Code, sets forth the requirements for federal jurisdiction based on diversity of citizenship between the parties to the action.[2] The "citizens" upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy. "Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Savings Association v. Lee*, 446 U.S. 458, 460, 100 S.Ct. 1779, 1780, 64 L.Ed.2d 425 (1980). It is axiomatic that a state is not a citizen of any state for the purpose of ascertaining diversity jurisdiction. *Postal Tel. Cable Co. v. Alabama*, 155 U.S. 482, 15 S.Ct. 192, 39 L.Ed. 231 (1894). *Accord Lenoir v. Porters Creek Watershed Dist.*, 586 F.2d 1081 (6th Cir.1978); *Adden v. Middlebrooks*, 688 F.2d 1147 (7th Cir.1982); *Ronwin v. Shapiro*, 657 F.2d 1071 (9th Cir. 1981). Moreover, a political subdivision of the state is not a citizen for diversity purposes if that division is simply an arm or alter ego of the state. *Moor v. County of Alameda*, 411 U.S. 693, 717, 93 S.Ct. 1785, 1786, 36 L.Ed.2d 596 (1973).

■ Diversity jurisdiction will be found to exist if the state itself is not a real party in interest. *State Highway Commission v. Utah Constr. Co.*, 278 U.S. 194, 49 S.Ct. 104, 73 L.Ed. 262 (1929); *Fowler v. California Toll-Bridge Authority*, 128 F.2d 549 (9th Cir.1942). If the state is a real party in interest, the fact that the named defendant is an agency thereof does not support diversity jurisdiction if the agency is merely an alter ego of the state. *Ronwin, supra*, 657 F.2d at 1073. United argues that the State of Montana is not the real party in interest because it is acting exclusively for the benefit of a multiplicity of individuals who assert claims against Coast Trading, and claims no interest in the funds on behalf of the state itself.

■ A threshold determination is whether the Department is simply an arm of the State. In *Holladay v. State of Montana*, 506 F.Supp. 1317 (D.Mont.1981), this Court held that the State of Montana Department of Institutions was merely an alter ego of the state and thus could not be sued in federal courts. Similarly, the Department of Agriculture acts as an instrumentality of the state, exercising public and essential governmental functions delegated to it by the authority of Article XII, section 1 of the Montana Constitution. *See also* § 2–15–104(1)(m), Mont.Code Ann. As such, it is an alter ego of the state of Montana. Therefore, if the state is the real party in interest to this action, diversity jurisdiction will not exist.

■ Whether the State is a real party in interest under Rule 17(a) is dependent upon whether it would be the proper party to maintain such an action under applicable state law. *American Triticale, Inc. v. Nytco Services, Inc.*, 664 F.2d 1136, 1141 (9th Cir.1981). Rule 17(a), Fed.R.Civ.P., does not define "real party in interest." Rather, it allows the federal court to entertain a suit at the instance of any party to whom the relevant substantive law grants a cause of action. *U–Haul International, Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir.1986).

Rule 17 of the Montana Rules of Civil Procedure is substantially identical to the federal rule. Under the state rule, the Supreme Court of Montana has held legal title to the claim sufficient to confer real party in interest status. *Washington Water Power Co. v. Morgan Electric Co.*, 152 Mont. 126, 448 P.2d 683 (1968); *Montana Association of Credit Management v. Hergert*, 181 Mont. 442, 593 P.2d 1059 (1979); *Rae v. Cameron*, 112 Mont. 159, 114 P.2d 1060 (1941).

United cites *State ex rel. Farmers' Elevator Co. v. District Court*, 147 Mont. 72, 410 P.2d 160 (1966), for the proposition that

---

**2.** 28 U.S.C. § 1332 provides in pertinent part:
(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and is between—
(1) citizens of different states;
    *    *    *    *    *    *

the real party in interest in an action based on surety bonds for grain sales is the grain seller himself rather than the Department of Agriculture. In *Farmers' Elevator,* after the state had failed to step in on behalf of the injured grain sellers, they brought suit in their own names. In *Peavey Company v. Agri-Services, Inc.,* 163 Mont. 394, 517 P.2d 718 (1973), the court explained *Farmers' Elevator Co.,* and held that where the Department of Agriculture does not act in accordance with its statutory duty, the injured parties "quite properly [may] procee[d] to protect their rights by bringing independent actions."[3]

■] Contrary to United's position, the Montana Supreme Court in neither case ruled that the Department was not a real party in interest, but merely that it did not have exclusive rights to bring an action on statutorily mandated bonds.

Significantly, this question has been before the Ninth Circuit on appeal from the District of Montana. The circuit court held, in an action on a public warehouseman's bond, that the State of Montana, which sued for the use and benefit of the holders of the defaulted warehouse receipts, was the proper party to commence the action under state law. *Fidelity & Deposit Co. of Maryland v. State of Montana,* 92 F.2d 693, 697–98 (9th Cir.1937).[4] The substantive law under which the bonds in *Fidelity & Dep. Co.* were executed appears to be substantially similar to the laws in effect at the time United issued the bonds in question. The Ninth Circuit's holding is in no way inconsistent with the rulings of the Montana Supreme Court in *Peavey* and *Farmers' Elevator Co.*

Therefore, the Court holds that the State of Montana, as the only named defendant to the action, is the real party in interest and that jurisdiction thus cannot be based upon diversity of citizenship.[5]

Section 1331, Title 28, United States Code, provides:

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

United asserts that there is a reasonable basis for its claim that a statutory bond covering purchases on credit would impose an unreasonable burden on interstate commerce in violation of the United States Constitution. Therefore, United claims that this action "arises under" the Constitution or laws of the United States and jurisdiction is proper.

"It is Hornbook Law that federal jurisdiction must affirmatively appear in the complaint." *United Air Lines, Inc. v. Division of Industrial Safety, etc.,* 633 F.2d 814, 815 (9th Cir.1980), *cert. denied,* 454 U.S 944, 102 S.Ct. 485, 70 L.Ed.2d 255 (1981). Thus, an action arises under federal law within the meaning of section 1331 if the "well-pleaded" complaint "presents a substantial dispute over the effect of feder-

---

**3.** Under applicable then-existing Montana law, the Department was under an affirmative obligation to intervene in the interests of holders of warehouse receipts whenever there was a probability that a warehouseman, grain dealer, or track buyer could not meet in full all storage obligations or other obligations resulting from the delivery of grain. § 80–4–234, Mont.Code Ann., *repealed,* sec. 75, ch. 539, L. 1983.

**4.** The Court notes that while United very thoroughly disclosed authorities holding the state to be a nominal party only, including a 1937 case from the Eighth Circuit Court of Appeals, it did not bring *Fidelity & Dep. Co.* to the Court's attention. *See* Rule 3.3(a)(3) of the A.B.A. Model Rules of Professional Conduct. *See also Southern Pacific Transp. v. P.U.C. of State of California,* 716 F.2d 1285, 1291 (9th Cir.1983).

**5.** Neither party has raised the issue of whether the Eleventh Amendment to the United States Constitution bars a suit such as this, and the Court finds it unnecessary to elaborate on this issue. However, the law is clear that "[a]bsent a state's unequivocal consent, the Eleventh Amendment bars a federal court from entertaining a suit against that state, or one of its agencies or departments, based on state law." *Hall v. State of Hawaii,* 791 F.2d 759, 761 (9th Cir. 1986). Moreover, the Ninth Circuit recognizes that actions seeking injunctive relief against state *officials* may be heard in federal court when the complaint alleges that the officials acted unconstitutionally, but absent express waiver, an "action against a state agency for any type of relief is barred by the eleventh amendment." *Almond Hill School v. United States Dept. of Agriculture,* 768 F.2d 1030, 1034–35 (9th Cir.1985).

al law, and the result turns on the federal question." *Guinasso v. Pacific First Federal Sav. & Loan Ass'n*, 656 F.2d 1364, 1365–66 (9th Cir.1981). Under the "well-pleaded complaint" rule, the federal question must appear from the complaint itself, and not from any defense the defendant might raise to defeat the action. *Williams v. Caterpillar Tractor Co.*, 786 F.2d 928, 931 (9th Cir.1986).

> A substantial proposition of federal law must form "a direct and essential element of the plaintiff's cause of action." ... Jurisdiction may not rest on propositions that merely anticipate a federal defense.

*Guinasso, supra*, 656 F.2d at 1366. *Accord, Hunter v. United Van Lines*, 746 F.2d 635 (9th Cir.1984), *cert. denied*, — U.S. —, 106 S.Ct. 180, 88 L.Ed.2d 150, *reh'g denied*, — U.S. —, 106 S.Ct. 547, 88 L.Ed.2d 476.

The well-pleaded complaint rule is somewhat more difficult to apply in declaratory judgment suits. "Essentially, a declaratory relief action brings an issue before the court that otherwise might need to await a coercive action brought by the declaratory relief defendant." *Mobil Oil Corp. v. City of Long Beach*, 772 F.2d 534, 539 (9th Cir.1985). Thus a determination of whether a federal question exists within the meaning of section 1331 requires the Court to determine whether, absent the availability of declaratory relief, the action nonetheless could have been brought in federal court. *Id.* In other words, if the federal issue appears in the complaint "as an anticipation of or reply to a probable defense," or "is in the nature of a defense to a threatened or pending action," it is insufficient to support federal question jurisdiction. *United Air Lines, supra*, 633 F.2d at 817.

In the declaratory relief context, federal jurisdiction does not exist where the claim relies on federal law only to establish an immunity or defense which would preclude the declaratory judgment defendant from successfully litigating against the declaratory judgment plaintiff a claim arising under state law. *Alton Box*

*Board Co. v. Esprit de Corp.*, 682 F.2d 1267, 1274 (9th Cir.1982). The issue in this case, then, is whether a right or immunity created by the Constitution is a direct and essential element of United's claim or whether it is merely alleged as an anticipation of a probable defense to a coercive action by the Department of Agriculture.

The Ninth Circuit generally has held that federal question jurisdiction does not exist where the plaintiff seeks a declaratory judgment that federal law preempts state law if such claim is essentially a defense to a state court action. *Southern Pac. Transp. v. P.U.C. of State of California, supra*, 716 F.2d at 1288; *Williams v. Caterpillar Tractor co., supra*, 786 F.2d at 932. The court has also held that where a state statute is enacted pursuant to federal law and depends upon an interpretation thereof, the case is not necessarily an action arising under the laws of the United States. *United Air Lines, supra*, 633 F.2d at 816.

In *United Air Lines, Inc. v. Division of Industrial Safety, supra*, the plaintiff sued two California state agencies seeking to enjoin enforcement of the state's health and safety laws at United's operation and maintenance facilities at the San Francisco International Airport. The district court issued a preliminary injunction from which the defendants appealed. United Air Lines asserted federal question jurisdiction, arguing that a provision in the California Labor Code, which conferred jurisdiction upon the Division of Industrial Safety to enforce the state's health and safety laws, depended entirely upon an interpretation of federal law. United further claimed that the Federal Aviation Act of 1958 gave health and safety jurisdiction to the FAA and thus that a federal question existed as to the scope of the FAA's authority.

Reversing the district court, the Ninth Circuit Court of Appeals held:

> This suit is plainly based on state law. The relief requested by United is that a federal court restrain the Division from enforcing state statutory law.... The controversy is based in state law, and United's argument primarily involves the

interpretation of the state jurisdictional statute.... The federal issue ... is tangential to the task of construing the state statute and may not even be conclusive....

*United Air Lines*, 633 F.2d at 816 (citations omitted).

The Ninth Circuit also has recognized that federal question jurisdiction may not exist even though federal law forms an ingredient in the plaintiff's complaint. Quoting Justice Cardozo, the court has observed,

[i]f we follow the ascent far enough, countless claims of right can be discovered to have their source or their operative limits in the provision of a federal statute or in the Constitution itself with its circumambient restrictions upon legislative power. To set bounds to the pursuit, the courts have formulated the distinction between controversies that are basic and those that are collateral, between disputes that are necessary and those that are merely possible. We shall be lost in a maze if we put that compass by.

*Hunter v. United Van Lines, supra*, 746 F.2d at 645, *quoting, Gully v. First National Bank*, 299 U.S. 109, 118, 57 S.Ct. 96, 100, 81 L.Ed. 70 (1936).

■ Following the clear and well-established guidance of the Ninth Circuit and the Supreme Court, it seems evident that United's constitutional claim, while it may be relevant in a coercive action brought by the Department to enforce the bonds, is merely collateral to the dispositive issues in the case. *See Mobil Oil Corp. v. City of Long Beach, supra*, 772 F.2d at 540. The dispute between the parties clearly is grounded in state law, and any federal issue merely would be a defense to a coercive action in state court. Under the controlling precedent, this case cannot be said to "arise under" the Constitution or laws of the United States.

Therefore, the Court having determined that there is no basis for diversity jurisdiction or for federal question jurisdiction,

HEREBY ORDERS that the defendant's motion to dismiss for lack of subject matter jurisdiction is GRANTED, and the complaint is DISMISSED, each party to bear its own costs.