ELIZABETH A. MCGREEVY *vs.* JOHN A. MCGRATH.

Essex.    March 10, 1890. — June 21, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Will — Lapse of Gift — Intestate Estate — Distribution by Executor.*

A testatrix devised the residue of her estate in trust for her son and his children, if he should have any, and directed her trustee, " in the event of my said son dying childless," to hold the estate for the benefit of such of her next of kin as in his opinion were the most deserving. The trust was to continue so long as the son and his wife should live, and until his youngest child should become of age ; but if the son should die childless, the trust was to expire at any time the trustee should wish. The son, and subsequently his only child, died during the testatrix's lifetime. *Held,* that the gift over for the next of kin did not take effect, but was to be treated and distributed as intestate estate among the testatrix's heirs at law.

An executor, if a portion of the estate is to be treated as intestate property, may administer it without taking out letters of administration.

BILL IN EQUITY, to prevent the executor of the will of Ellen Gaffney from distributing the residue of the estate among the testatrix's heirs at law, and to compel him to pay it to the plaintiff, as her sole next of kin. Hearing on the pleadings and agreed facts by *Devens,* J., who reserved the case for the consideration of the full court, in substance as follows.

The testatrix, who died on February 2, 1888, by her will, which was dated October 8, 1886, and was duly admitted to probate, devised the residue of her estate above debts and funeral charges in trust to the defendant, who was also named executor. The will contained the following provisions, which alone are material :

" I desire my said trustee to pay over the rents, profits, and income of my estate in his hands, deducting all necessary expenses and charges in manner as follows, to wit : to pay the

same or apply the same, in such a way and to such an extent as in his discretion is best, to the use and benefit of my son, Daniel Gaffney; and should said Daniel have a child or children, my said trustee is to have full discretion to apply said rents, profits, or income for their benefit, either solely or in such proportions as he may deem fit between said Daniel and his children. In the event of my said son dying childless, I direct my said trustee to hold said estate for the use and benefit of such of my next of kin as in his opinion is or are the most needful or deserving, and, should occasion require him to divide and distribute said estate, he is not compelled to make an equal distribution, but may use his discretion. This trust is to last so long as my son and his present wife are living, and until the youngest of his children, if he have any, shall have attained the age of twenty-one years; and should said Daniel die childless, this trust may expire at any time thereafter when the said trustee wishes."

Daniel Gaffney, the testatrix's son, died during her lifetime, on June 21, 1887, leaving a widow and a daughter, their only child, who died on January 18, 1888. The widow survived the testatrix. The heirs at law of the testatrix living at her decease consisted of the plaintiff, who was her sister, and various nephews and nieces, the children of a deceased brother of the testatrix. Another brother of the testatrix had disappeared, and had not been heard from for thirty years.

*G. Wheatland & P. J. McCusker*, for the plaintiff.

*W. F. M. Collins*, for the defendant.

DEVENS, J. As both her son, Daniel Gaffney, and his only daughter, died during the lifetime of the testatrix, the legacy in trust in favor of each lapsed, and no benefit could accrue to either or to the heirs of either therefrom. Nor did the event of the testatrix's son dying childless happen, upon the occurrence of which the trustee was directed to hold the estate for the benefit of the next of kin of the testatrix, such " as in his opinion is or are the most needful or deserving," as the son not only died during the mother's lifetime, but left a child, his daughter, who deceased subsequently, and previous to the death of her grandmother. When the will was made, it was contemplated by the testatrix that her son would survive her, and that it would take effect in his favor. This is shown not only by the clause above

referred to, but also by the clause which provides that the trust in his favor shall continue as long as the son and his present wife shall survive, and until the youngest of his children shall attain the age of twenty-one years; but if the son dies childless, the trust may expire at any time thereafter when the trustee wishes. When the will became operative, the contingency contemplated by the testatrix had not happened, and could not thereafter happen. The question primarily to be determined, therefore, is whether the legacy in trust for the benefit of the next of kin depended upon the occurrence of such a contingency, or whether it was independent of it, and was a gift or disposition of the property which took effect by substitution for that first provided. The heirs are not to be disinherited, unless it plainly appears by the will that such is the intention of the testatrix. When a contingency upon which an estate is given over never can take place, such gift over must fail. Upon this principle it has been held that, where an instrument is limited by a condition as to its operation, it cannot be admitted to probate as a will after failure of the contingency on the happening of which it was to have taken effect. *Todd's will*, 2 Watts & Serg. 145. *Parsons* v. *Lanoe*, 1 Ves. Sen. 189, 191. *Sinclair* v. *Hone*, 6 Ves. 607. In the case at bar, it is impossible to say that the bequest in trust for the benefit of the next of kin is an absolute one, when it is only "in the event of" the son's dying childless that it was to vest in the trustee for that purpose.

In *Carpenter* v. *Heard*, 14 Pick. 449, a testator bequeathed to his granddaughter, Judith C. Lee, a sum of money to be paid to her when she arrived at twenty-one years or was married, and directed that, if she should die under twenty-one and unmarried, the legacy should be paid to his other granddaughters. Judith C. Lee died in the lifetime of the testator, unmarried, but after attaining the age of twenty-one years. It was held that the other granddaughters took nothing under the bequest. The original bequest to Judith C. Lee having lapsed by her death, they could not take in the same manner that they might have done if the bequest over had been made absolutely and unconditionally to them. *Humberstone* v. *Stanton*, 1 V. & B. 385, which, with several other English cases, is cited and fully discussed by Mr. Justice Putnam in *Carpenter* v. *Heard*, was the

case of a bequest of stock to a son of the testator on his accomplishing his apprenticeship, with a bequest over, in case the son "should die before he accomplishes his apprenticeship," to another son and three daughters of the testator. The son completed his apprenticeship, and died a year or two before the testator. The question was, whether, by his death in the lifetime of the testator, the bequest over had taken effect; and it was held that the legacy had lapsed, and that the bequest over could not be maintained.

It is not for us in the case at bar to consider the expediency of the contingency which the testatrix has affixed to her bequest over for the benefit of her next of kin, or whether, if she had anticipated the death of her son and his child previous to her own, she might or might not have made the same provision which she did make in the event of her son dying childless. The only provision she did make was in anticipation of that event, and was dependent upon that contingency. The legacies in favor of her son and his child have lapsed by their deaths in her lifetime. Under these circumstances, that which she undertook to devise and bequeath cannot be taken by the trustee for the benefit of the next of kin, but is to be treated as intestate property, and to be distributed as such to her heirs at law.

It is not necessary that the executor should take out administration on such intestate estate; he may administer it as executor. *Hays* v. *Jackson,* 6 Mass. 149, 152.

The bill which is brought by the sister of the testatrix, as her next of kin, for the purpose of enjoining the defendant from distributing the estate of Mrs. Gaffney, the testatrix, to her heirs at law after the debts and just charges thereon shall be paid, and of compelling the executor to pay the same over to the plaintiff, must therefore be dismissed.

                                              *Bill dismissed.*