T.D. Bank, N.A. (bank), as successor trustee of a testamentary trust, created by the will of Elizabeth S. Payson (testatrix), sought instructions in the Probate and Family Court as to the proper final distribution of the principal of the trust. In the bank's view, the use of the terms "children" and "issue" created an ambiguity in the trust instrument. Five people filed objections to the petition -- the four living grandchildren of the testatrix, and, also, one of her seven great-grandchildren.
The judge concluded that the terms were not ambiguous and that the principal of the trust should be distributed equally among the four living grandchildren, along with their seven children (the great-grandchildren), for a total of eleven beneficiaries. Randolph Payson Duncan, one of the grandchildren appealed; the bank did not file a brief, but Catherine F. Duncan, one of the great-grandchildren, filed a brief as an appellee.[2] After review, we conclude that the four living grandchildren of the testatrix are the proper beneficiaries, in equal shares. As a result, we vacate the decree, and remand the case to the Probate and Family Court for further proceedings consistent with this opinion.
Background. The February 9, 1960, will of the testatrix, in its residuary clause, the fourth clause, created a trust for the benefit of her husband, whereby he received the net income derived from the trust according to a designated payment schedule. Upon the husband's death, their only daughter, Elizabeth Payson Duncan (daughter), received the net income "during the term of her natural life." Upon the death of the daughter, paragraph four of the fourth clause then instructs:
"to pay the net income [derived from the trust] to the children of my said daughter, until the youngest shall have attained the age of twenty-one years, then I direct my said Trustee to pay over and distribute the whole corpus or principal of this Trust Fund, together with accumulated income, to the issue of my daughter, Elizabeth Payson Duncan, in equal shares, share and share alike, free and discharged of this Trust."[3]
The testatrix died on May 21, 1961. Her husband died sometime thereafter, before the daughter; the daughter died on December 24, 2014. At the time of the daughter's death, each of her four children were living and were over the age of twenty-one.
On September 9, 2016, the bank, the successor trustee,[4] filed a petition with the court, seeking instructions for determining the proper final beneficiaries of the trust. Citing an ambiguity created by the use of the terms "children" and "issue" in paragraph four of the fourth clause of the will, the bank sought a determination whether distribution of the trust was to go solely to the daughter's four living children -- Robert R. Duncan, III, Elizabeth Duncan Ladner, Randolph Payson Duncan, and Theodore S. Duncan (collectively, the grandchildren) -- or, also, to the daughter's seven living grandchildren (the testatrix's great-grandchildren), which would have totaled eleven beneficiaries. At the pretrial hearing on the bank's petition, and the grandchildren's and Catherine F. Duncan's (great-granddaughter)[5] oppositions, the judge ordered the opposing parties to submit legal memoranda on the meaning of "issue" as used in the will, and the proper ultimate distribution of the testamentary trust.
In the trial court, the grandchildren argued that G. L. c. 190B, § 2-708, is applicable to identify the "class" of issue who shall take under the will. They contended that, because the will does not specify the manner of distribution among the class members, it should be, under the statute, distributed in accordance with the laws of intestate succession, distributing per capita at each generation. In their view, based on the language of the will and in consideration of the statute, they are the only four beneficiaries, as the "descendants [the great-grandchildren] will not be allowed to compete with their parents unless such was the intention of the testator."
The great-granddaughter, in opposing the bank's petition, argued that the use of the terms "issue" and "children" creates no patent or latent ambiguity in the language of the will, as "[t]he words are used to describe takers at different times and for different types of inheritance" and are not to be used interchangeably. She contended that the language of the will clearly indicates the testatrix's intention to include "children" and "issue" as separate and distinct classes of heirs, distributing the net income of the trust to the children, then the entire principal (including accumulated income) of the trust to all generations of the daughter's descendants; this, she argues, equates to a distribution to all eleven beneficiaries.
Deciding solely on the papers, and relying in part on the Uniform Probate Code, the judge agreed with the great-granddaughter, concluding that the terms "children" and "issue" as used in the will do not create an ambiguity but, instead, indicated the testatrix's intention to identify two separate groups of heirs that should benefit under the will. As a result, the judge found, "all eleven (11) descendants are the proper beneficiaries of the Testamentary Trust." Randolph Payson Duncan, one of the grandchildren, timely appealed.[6]
Discussion. Because this dispute arises from the judge's legal interpretation, we review de novo. See T.W. Nickerson, Inc. v. Fleet Natl. Bank, 456 Mass. 562, 569 (2010). "The fundamental object in the construction of a will is to ascertain the [testatrix's] intention from the whole instrument, attributing due weight to all its language, considered in light of the circumstances known to the [testatrix] at the time of its execution, and to give effect to that intent unless some positive rule of law forbids." Flannery v. McNamara, 432 Mass. 665, 667-668 (2000), quoting from Putnam v. Putnam, 366 Mass. 261, 266 (1974). See McMillen v. McMillen, 57 Mass. App. Ct. 568, 572 (2003). "The settled law in this Commonwealth is and has been that one executing a will or trust and distributing property thereby is entitled to rely on the law in effect at the time the instrument was created." Lowell v. Talcott, 86 Mass. App. Ct. 145, 148 (2014), quoting from Anderson v. BNY Mellon, N.A., 463 Mass. 299, 306-307 (2012). Because here the will lacks a specific definition for the disputed term, "issue," we look at the common meaning and usage of the word "issue" at the time of execution. Lowell, supra. See Boston Safe Deposit & Trust Co. v. Park, 307 Mass. 255, 260 (1940).
In 1960, the term "issue" was known, "in the absence of any indication to the contrary, ... [to] refer[ ] to lineal descendants of the ancestor who would be entitled, at the death of such ancestor, to take [her] property under the law of intestate succession, and, in conformity to this principle, grandchildren of the ancestor and their descendants will not be allowed to compete with their parents unless such was the intention of the [testatrix.]" B.M.C. Durfee Trust Co. v. Borden, 329 Mass. 461, 463 (1952) (quotations omitted). See G. L. c. 190, §§ 2, 3 (as in effect 1960).[7] Put another way, the children (descendants) of the daughter (ancestor) are entitled, at her death, to take her property under the law of intestate succession; because all of the daughter's children survived her, and there was no indication in the will stating otherwise, their children (the great-grandchildren) would not take under the will, as they would not be "allowed to compete" with their living parents. Issue take only in the event the parent of such issue is not living; if the issue are only to take in place of "their respective parents, and not along with them in equal shares, then, in the absence of anything further, such issue will naturally take the share of the parent that they replace." Hall v. Hall, 140 Mass. 267, 270 (1885). In this case, no language appears in the will indicating the testatrix's intention to contradict the common meaning of "issue" known at the time of execution.
After examining the language and structure of the testatrix's will in the context of the information available to the testatrix and her attorney at the time the will was drafted and executed, we conclude that interpreting "issue" to mean any surviving child or children of a deceased grandchild of the testatrix is consistent with the testatrix's intent. See Boston Safe Deposit & Trust Co. v. Wilbur, 431 Mass. 429, 437 (2000).
Relying on this meaning of the term, we discern no ambiguity in the will. As a result, we need look no further than the four corners of the instrument, and not the statute of distribution, to determine the appropriate beneficiaries for the final distribution of the testamentary trust. See Thompson v. Thornton, 197 Mass. 273, 276 (1908). Upon the daughter's death in December, 2014, the time for distribution of the trust had arrived because her youngest child had already attained the age of twenty-one.
Triggered by this event, the successor trustee was instructed by the will to "pay over and distribute the whole corpus or principal" of the trust to the issue of the daughter -- her four surviving children. Based on the testatrix's intention gleaned from the language of the will, the testatrix's four grandchildren are entitled to the principal of the trust in equal shares. To include the great-granddaughter (or any of the other great-grandchildren) within the final beneficiaries would cause her "to compete" with Theodore S. Duncan, her living parent, in direct contradiction to the testatrix's intention, and in conflict with the laws of intestate succession. See G. L. c. 190, §§ 2, 3 ; B.M.C. Durfee Trust Co., supra.
As a result, the decree must be vacated and distribution instructions issued to the bank in accordance with this memorandum and order.[8]
Decree vacated and case remanded for further proceedings in accordance with this memorandum and order.

Also part of this appeal is Randolph Payson Duncan's appeal from the denial of his motion for relief from judgment, bringing to the judge's attention an earlier representation to that court from the attorney who drafted the will, suggesting that the grandchildren were the intended final beneficiaries. Because the decree is vacated, there is no need to address this motion.

The third clause of the will bequeathed to the testatrix's husband the sum of $10,000 in a trust for specific uses. One such use was that the income from the trust be distributed to Ruby Magnolia Teixeira and, on her death, to the testatrix's daughter. At the time of the daughter's death, that trust was to terminate and the "whole corpus or principal" similarly distributed in equal shares to the issue of the daughter.

The testatrix's husband was the original trustee appointed in October, 1961. The bank became successor trustee in June, 2016.

Theodore S. Duncan, one of the daughter's four living children and grandson of the testatrix, is the great-granddaughter's father.

Randolph Payson Duncan's subsequent motion for relief from judgment pursuant to Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974), was denied, from which an appeal was timely filed; that appeal was consolidated with the instant appeal. The grandchildren's motion for reconsideration and clarification also was denied, but it appears no appeal was taken; as a result, that denial is not part of this appeal.

Looking to G. L. c. 190, § 3 (descent of real property, as in effect 1960), detailing intestate succession during this same time period, the statute provides:
"When a person dies seized of land, tenements or hereditaments, or of any right thereto, or entitled to any interest therein, in fee simple or for the life of another, not having lawfully devised the same, they shall descend, subject to his debts and to the rights of the husband or wife and minor children of the deceased as provided in this and in the two preceding chapters and in chapter one hundred and ninety-six, as follows:
"(1) In equal shares to his children and to the issue of any deceased child by right of representation; and if there is no surviving child of the intestate then to all his other lineal descendants. If all such descendants are in the same degree of kindred to the intestate, they shall share the estate equally; otherwise, they shall take according to the right of representation."
Section two of this chapter relates to personal property, referring to § 3 for instruction on distribution.

Randolph Payson Duncan's request for attorney's fees and costs is denied. Catherine F. Duncan's motion for fees and costs also is denied.